LEON A. CANNIZZARO, JR., Judge.
11 This case involves injuries sustained by the plaintiff, Ora Lomax, when she fell on a sidewalk owned by the defendant, the City of New Orleans (the “City”). Ms. Lomax is appealing a summary judgment dismissing her claim against the City.
FACTS AND PROCEDURAL HISTORY
In July of 2001, Ms. Lomax attended a convention at the Ernest Morial Convention Center in New Orleans. After she left the convention center, she tripped and fell on the sidewalk in the 900 block of Convention Center Boulevard, which is the street in front of the convention center. As a result of her fall, Ms. Lomax sustained serious injuries, which included a broken hip that required two hip replacement operations.
Ms. Lomax originally filed suit against the convention center, the company that manages the convention center, the State of Louisiana, and the City. Because the City owned the sidewalk where Ms. Lomax was injured, the claims against the Pother defendants were dismissed by summary judgments that they filed. Those summary judgments were not appealed.
The City also filed a motion for summary judgment. The summary judgment was granted in its favor, and Ms. Lomax is now appealing that judgment.
DISCUSSION
Standard of Review
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary *465 judgment is appropriate. Reynolds v. Select Props., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 4 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of | smaterial fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.
Assignment of Error
Ms. Lomax has raised a single assignment of error. She contends that the trial court erred in granting the City’s motion for summary judgment. She bases her contention on the fact that she did not have sufficient time to conduct discovery and, therefore, was unable to show that the City had constructive notice that the sidewalk where she fell was defective.
La. R.S. 9:2800(C) and (D) provide in relevant part:
C. [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
La. Civil Code art. 2317 provides in relevant part that “[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things which we have in our custody.”
To carry the burden of proof in connection with the summary judgment under La. Civil code art. 966, the City, as the moving party in the summary judgment, was required to present a prima facie case that it had neither actual nor constructive notice of the defect in the sidewalk where Ms. Lomax fell. The City presented an affidavit of Marvin Thompson, an employee of the City’s Department |4of Public Works, stating that he had determined from the public records of the City that there was no “documentation of any complaints, repairs, or maintenance of the alleged location of the accident prior to the subject case.” The affidavit further stated that “it was determined that there was no prior notice of any condition which was defective at the location of the accident.”
After the City’s affidavit was presented, it was incumbent upon Ms. Lomax to present countervailing evidence to defeat the City’s motion for summary judgment. This was not done.
In fact, in a deposition given by Ms. Lomax, she stated the following regarding the area where she fell:
It was a brick because when I was walking it looked all right. I didn’t have *466 any — it was no hole or anything because from being in New Orleans before, I always sort of like watched where I walk because the streets are not that good.
When Ms. Lomax was asked whether the brick gave way when she stepped on it, she testified at her deposition that it “gave way” underneath her. She further stated that the area where the brick gave way “looked normal” before she stepped on it and that the brick “gave way” underneath her foot but did not itself fall apart.
Based on the affidavit presented by the City and the deposition testimony of Ms. Lomax, summary judgment in favor of the City was proper. There was no evidence whatsoever that the City had any notice of a defect in the sidewalk where Ms. Lomax fell. To the contrary, even Ms. Lomax, who was looking at the brick when she stepped on it, did not notice anything unusual about the brick that “gave way.” Ms. Lomax suffered an unfortunate accident, but the City bears no legal responsibility for the accident.
|fiWe do not find any merit in the argument by Ms. Lomax that she did not have sufficient time to conduct discovery that would demonstrate that the City had notice of the defective condition of the sidewalk. Suit was filed in the instant case in July of 2002. Therefore Ms. Lomax had sufficient time to conduct discovery.
DECREE
We find no error in the trial court judgment. The judgment is hereby affirmed.
AFFIRMED.