74 So.3d 1198 (2011)
Willie J. WILSON
v.
CALAMIA CONSTRUCTION COMPANY.
No. 2011-CA-0639.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 2011.
*1199 Willie J. Wilson, New Orleans, LA, in Proper Person, Plaintiff/Appellant.
Robert S. Reich, Leah R. Rhodes, Reich Album & Plunkett, L.L.C., Metairie, LA, for Defendant/Appellee, Calamia Construction Company.
(Court composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge PAUL A. BONIN).
TERRI F. LOVE, Judge.
Appellant, Willie Wilson, filed a disputed claim for compensation alleging that he was injured in the course and scope of his employment with Calamia Construction Company. Appellant alleges that he was injured when a Calamia employee stepped on a pipe, and the pipe fell into a hole that Appellant was working in and struck him. Calamia filed a motion for summary judgment, which was granted by the workers' compensation judge. The court dismissed all of Mr. Wilson's claims with prejudice. Appellant seeks review of the workers' compensation court's judgment.
We find that service in this matter did not comport with due process requirements. Therefore, we vacate the judgment granting summary judgment in favor of Calamia and remand this matter to the workers' compensation court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL BACKGROUND
Willie Wilson ("Mr. Wilson") filed a disputed claim for compensation in 2009. The claim alleged that Mr. Wilson sustained an injury on November 10, 2008[1], while in the course and scope of his employment with Calamia Construction Company ("Calamia"). Mr. Wilson alleged that he was working in a hole when a co-worker stepped on an iron pipe and averred that the iron pipe fell into the hole; Mr. Wilson alleges that he sustained injuries when the pipe struck him in the back of the neck.
Calamia answered the claim, denying that an injury occurred. Calamia noted that Mr. Wilson was terminated on November 13, 2008, for an altercation with a co-worker in which Mr. Wilson brandished a knife. Calamia asserted that Mr. Wilson was attempting to perpetuate a fraud.
After discovery was conducted, Calamia filed a motion for summary judgment. In the memorandum in support of the motion, Calamia asserted three separate arguments *1200 entitling Calamia to summary judgment. First, Calamia argued that Mr. Wilson violated La. R.S. 23:1208, the anti-fraud provision of the Louisiana Workers' Compensation Act. Alternatively, Calamia argued that Mr. Wilson would not be able to meet his burden of proof with regard to causation. Lastly, Calamia argued that in the event Mr. Wilson prevailed, Calamia was entitled to off-set the disability payments that Mr. Wilson has received from the Social Security Administration.
Before the workers' compensation court, Mr. Wilson stated that he was in the hospital for surgery and was released on January 13th or 14th. Mr. Wilson indicated that he did not receive a copy of the motion for summary judgment. Mr. Wilson stated that he called the workers' compensation office on January 13th or 14th and that is when he learned of the hearing date. Mr. Wilson stated that he received a copy of the motion for summary judgment on January 16th or 17th. The hearing was scheduled for January 21, 2011. Mr. Wilson stated that he did not have the time to go over the specifics of the motion. The hearing proceeded on June 21, 2011. Thereafter, the court rendered judgment granting the motion for summary judgment, dismissing with prejudice all of Mr. Wilson's claims asserted against Calamia. The court did not issue reasons for judgment. Mr. Wilson timely filed a motion for an appeal.

STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Martinez v. American Steelway Industries, L.L.C., 09-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528, citing Reynolds v. Select Props., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez, 09-0339, p. 3, 20 So.3d at 528, citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Martinez, 09-0339, p. 4, 20 So.3d at 528, citing Lomax v. Ernest Morial Convention Center, 07-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465.

PROOF OF SERVICE
In conducting a de novo review, we found the record devoid of proof of service of the hearing date as to Mr. Wilson. We, therefore, ordered the parties to file supplemental briefs addressing whether the record demonstrates that Mr. Wilson received service of the January 21, 2011 hearing date. In response, Calamia filed a Motion for Leave to File Additional Attachments to its appellate brief and a supplemental brief addressing service of Mr. Wilson. However, the documents Calamia seeks to attach to its brief were not introduced into evidence at the hearing.
*1201 It is well established that "evidence not properly and officially introduced cannot be considered, even if physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal."[2]Ritter v. Exxon, 08-1404, p. 9 (La.App. 4 Cir. 9/09/09), 20 So.3d 540, 546, citing Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84. Thus, we are unable to consider any document that was not admitted into evidence or otherwise properly made a part of the record, even if attached to Calamia's appellate brief.
Further, the documents that Calamia seeks to attach to its brief do not establish that Mr. Wilson was properly served with notice of the hearing. The summary judgment motion, memorandum in support thereof, and any supporting affidavits are to be served within the time limits provided in District Court Rule 9.9. La. C.C.P. art. 966(B). District Court Rule 9.9 provides:
When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.
District Court Rule 9.9(a). The documents sought to be attached by Calamia indicate that on January 14, 2011, the workers' compensation office sent, via certified mail, a notice of signing of order setting Calamia's motion for summary judgment for hearing on January 21, 2011. Mr. Wilson signed for the documents on January 17, 2011. There is no proof that the workers' compensation court set a shorter time period. Thus, Mr. Wilson was untimely served with the memorandum less than one week prior to the hearing. Mr. Wilson, appearing in proper person, stated several times during the hearing that he did not have sufficient time to prepare. We agree.
Calamia argues that it mailed out a copy to Mr. Wilson and that the workers' compensation court also mailed out a notice of hearing on December 30, 2011. Nevertheless, when a pleading or order sets a court date, service shall be made by registered or certified mail. La. C.C.P. art. 1313(C). Service may also be made by the sheriff. La. C.C.P. art. 1314. And, in workers' compensation cases, all pleadings subsequent to the disputed claim for compensation requiring service shall be served in any manner provided by law or by certified mail. La. R.S. 23:1310.3(B). Thus, the order setting the hearing for January 21, 2011, should have been served on Mr. Wilson by certified mail, registered mail, or the sheriff.
The essential elements of due process are notice and the opportunity to respond. La. Const. art. I, § 2; Williams v. Belle of Orleans, L.L.C., 03-1203, p. 11 (La.App. 4 Cir. 12/1/04), 890 So.2d 670, 676. In this case, the record lacks proof that Mr. Wilson was served by certified mail, registered mail, or the sheriff at least fifteen calendar days prior to the January 21, 2011 hearing. As service in this matter did not comport with due process requirements, the judgment granting Calamia's motion for summary judgment is thereby vacated.

DECREE
Accordingly, we vacate the judgment granting summary judgment in favor of *1202 Calamia and remand this matter to the workers' compensation court for further proceedings consistent with this opinion.
MOTIONS FOR LEAVE DENIED; JUDGMENT VACATED; REMANDED
TOBIAS, J., concurs.
TOBIAS, J., concurs.
Although Rule 2-1.11 of the Louisiana Uniform Rules of the Courts of Appeal states:
Subpoenas, notices, and returns may be omitted from the record, unless they are at issue. Such items may be supplied upon timely application to this court by any party, upon showing their materiality.
Mr. Wilson, appearing pro se in this matter, complained to the trial court that he did not have adequate notice. Our requests for supplementation of the record establishes that he did not have timely notice of the hearing on the motion for summary judgment, and the trial court should not have proceeded to hear the matter.
NOTES
[1] November 6, 2008, also appears in the record as the day Mr. Wilson sustained an injury while working for Calamia. For the purpose of this Court's review, the date is immaterial.
[2] Mr. Wilson also filed a motion for leave to file additional attachments, which is denied because attachments are not entered in the record on appeal.