KLINE, J. ‘
| gDefendant/Appellant, First Bank and Trust, appeals a judgment of nullity that *728 also awarded sanctions to the plaintiff. For the following reasons, we affirm the judgment of nullity, but reverse the award of sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

This matter involves the legality of a previous judgment rendered on a suit on a promissory note. PlamtiffAppellee, Byard “Peck” Edwards, Jr., borrowed or otherwise became responsible for an indebtedness in the amount of $25,395, which was due and payable to Defendant/Appellant, First Bank and Trust (“First Bank”). Mr. ..Edwards failed to make timely payments on this loan. Upon receiving demand letters for payment and default notices from First Bank, Mr. Edwards initiated litigation by filing a petition for attorney’s fees and for declaratory judgment, requesting that an allegedly outstanding legal bill be applied to the balance of the loan. Mr. Edwards further argued that his loan, was .not past. due.
In its answer, First Bank asserted several exceptions, including the dilatory exception raising the objections of want of amicable demand, vagueness or ambiguity of the petition, and improper cumulation of actions. First Bank also asserted the peremptory exception raising the objections of prescription and no cause of action. First Bank further urged the affirmative defense of failure to state a claim upon which relief could be granted and brought a re-conventional demand for the amount owed by Mr. Edwards on the promissory note.
Following a hearing on the exceptions asserted by First Bank, the district court sustained the exception of vagueness and ordered Mr. Edwards to correct the deficiencies in his petition within thirty' days. The district court continued, without date, the exception of prescription. Finally, the district court sustained the exception of no cause of action, dismissing with prejudice, all claims for declaratory relief against First Bank related to Mr. Edwards’s loan.
13After extensive motion practice, the district Court ultimately granted summary judgment in favor of- First Bank for the amount owed by Mr. Edwards on the promissory note. Following the grant of summary judgment, First Bank filed a motion and order to dismiss Mr. Edwards’s remaining claims because he did not file any amended pleadings, as previously ordered by the district court. The district court granted First Bank’s motion, dismissing Mr. Edwards’s claims, with prejudice. Shortly thereafter, however, Mr. Edwards filed a first amending and supplemental petition for nullity of judgment in the- same proceeding. Mr. Edwards argued that he had been improperly served with the motion for summary judgment, thus making the final judgment absolutely null.
First Bank responded to the first amending and supplemental petition with exceptions and also requested sanctions against Mr. Edwards. The district court recognized that Mr. Edwards had improperly filed the nullity action, because it had already dismissed his claims with prejudice. Nevertheless, the district court indicated that it likely would have granted leave to file the petition for nullity had it been asked to do so by Mr. Edwards. Thus, for purposes of judicial economy, the district court considered Mr. Edwards’s first aménding and supplemental petition to be a properly-filed petition for nullity and denied First Bank’s exceptions. Following this ruling, Mr. Edwards filed a motion for sanctions against First Bank for challenging his' petition for nullity. The district court set Mr. Edwards’s motion for sanctions for hearing as part of the trial on the merits of the petition for nullity-
*729 At the trial on the petition for nullity: and sanctions, counsel for First Bank of-, fered to “give up” the summary judgment by acquiescing in the allegation of defective service upon Mr. Edwards and allowing him to file an opposition to the sum-, mary judgment. Mr. Edwards refused. The district court granted the petition for nullity and sanctioned First Bank in the amount of $2,000, plus court costs. Additionally, at the trial on the petition for nullity, the district court, on its own | ¿motion, granted a new trial on First Bank's motion for summary judgment and set it for hearing.[2]
First Bank now appeals the judgment of nullity and the award of sanctions.

DISCUSSION

A. Self-Representation and Service of Process

In its first assignment of error, First Bank avers the district court erred in determining that personal service on the legal secretary at Mr. Edwards’s law office did not constitute valid personal service of process on Mr. Edwards. Related to this argument is First Bank’s second assignment of error in which the bank argues that the trial court erred in determining that Mr. Edwards engaged in self-representation, despite signing pleadings “through undersigned counsel” and in the name of his law firm, which is a registered legal entity.
Subject to certain exceptions, and absent an express waiver, citation and service thereof are essential in all civil actions. La.Code Civ. Proc. Ann. art. 1201. Personal service is -made when a proper officer tenders .the citation or other, process to the person to be served. La.Code Civ. Proc. Ann. art. 1232. A party may be validly served at his place of business only by citation served on the party personally. Roper v. Dailey, 393 So.2d 85, 88 (La.1980). Service on an attorney, as a representative of a client, is proper when the attorney’s secretary is served in the attorney’s office. La.Code Civ. Proc. Ann. art. 1235(B).
A judgment rendered against a defén-dant who has not been served with process' as required by law is an absolute nullity. See La.Code Civ. Proc. Ann. arts. 1201(A) and 2002(A)(2); Tunnard v. Simply Southern Homes, L.L.C., 07-0945, p, 3 (LaApp. 1 Cir. 3/26/08), 985 So.2d 166, 168. An action to annül a judgment for a vice of form may be brought by an interested person at any time, before any court, and through a collateral ’proceeding. See La. Code Civ. Proc. Ann. art. 2002(B); Leonard v. Reeves, 11-1009, p. 14 (LaApp. 1 Cir. 1/12/12), 82 So.3d 1250, 1260. A party may avail himself of the right to seek annulment of a judgment despite the fact that the party has a right to appeal and without adversely affecting the’ right to-appeal. See La.Code Civ. Proc. Ann. art. 2005; Schoen v. Burns, 321 So.2d 908, 913 (LaApp. 1st Cir.1975).
Mr. Edwards argues that he was engaged in self-representation and that service on his secretary was improper, rendering the judgment an absolute nullity. First Bank argues that Mr. Edwards did *730 not engage in self-representation. The appellant asserts the law firm of Byard “Peck” Edwards & Associates, L.L.C. and Mr. Edwards, the attorney, represented Mr. Edwards, the client. First Bank cites the fact that many of Mr. Edwards’s pleadings were signed by him with the designation “through undersigned counsel.” First Bank further argues that Mr. Edwards’s use of his bar roll number and his law firm’s office address on the pleadings demonstrates that he did not engage in self-representation.
The district court, however, held that Mr. Edwards acted on his own behalf. The court ruled that Mr. Edwards’s use of his bar roll number or law firm address did not “elevate” him to the level of separate representation. The district court further concluded that Louisiana Code of Civil Procedure Annotated article 1235(B) (that service on an attorney, as a representative of a client, is proper on the attorney’s secretary when served in the attorney’s office) applies only to attorneys representing clients and not themselves. We agree.
Louisiana jurisprudence firmly establishes the right of self-representation in civil cases. Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir.1962). Our statutory provisions define the practice of law to include practice in a representative 1 (¡capacity, while specifically stating that nothing in the statutory provisions defining the practice of law prohibits a person from attending to and caring for his own business, claims, or demands. See La.Rev.Stat. Ann. § 37:212; Dixon v. Shuford, 28,138, pp. 4-5 (La.App. 2 Cir. 4/3/96), 671 So.2d 1213, 1215. These assignments of error are without merit.

B. Acquiescence in the Summary Judgment

In its third assignment of error, First Bank avers the district court erred in nullifying the judgment against Mr. Edwards despite his knowledge and acquiescence in the same. As the district court held, the service of the motion for summary judgment made on Mr. Edwards was defective because he was not personally served, rendering the judgment against him an absolute nullity. See La.Code Civ. Proc. Ann. art. 1201. However, Mr. Edwards is precluded from asserting the nullity of the judgment if he acquiesced in said judgment. A defendant who voluntarily acquiesced in a judgment, or who was present in the parish at the time of execution of the judgment, and did not attempt to enjoin its execution, may not annul the judgment on any of the grounds enumerated in Louisiana Code of Civil Procedure Annotated article 2002. La. Code Civ. Proc. Ann. art. 2003.
We find that the record establishes Mr. Edwards did not acquiesce in the summary judgment. Shortly after the district court granted First Bank’s motion for summary judgment, Mr. Edwards filed the petition for nullity. First Bank argues that Mr. Edwards failed to file a motion for a new trial or appeal the judgment; however, it was not necessary for Mr. Edwards to move for a new trial or take an appeal. Mr. Edwards was correct in bringing the nullity action in order to have the summary judgment declared null as a result of the improperly-served motion for summary judgment. The absolute nullity of a judgment may be raised at any time |7and in any proceeding where the validity of such a judgment is asserted. See LaBove v. Theriot, 597 So.2d 1007, 1011 (La.1992).
Additionally, there is no indication from the record that the summary judgment had been executed by First Bank; thus, there was no need for Mr. Edwards to *731 enjoin its enforcement if First Bank had not yet attempted to enforce it. Accordingly, we find that Mr. Edwards- did not acquiesce in the judgment; therefore, he is not precluded from asserting the nullity of the judgment. See Greater New Orleans Homestead, FSB v. David, 95-986, pp. 9-10 (La.App. 5 Cir. 4/16/96), 673 So.2d 1078, 1083. This assignment of error is without merit.

C. Sanctions

In its final assignment of error, First Bank claims the district court erred in sanctioning it, despite finding that First Bank’s attorney acted in good faith in defending the nullity action. Louisiana Code of Civil Procedure Annotated article 863 provides, in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, ... but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivo-lous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evi-dentiary support ...
(4) Each denial in the pleading of a factual assertion is warranted by the evidence ...
⅜ ⅜ ⅜?
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who |8made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
[[Image here]]
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed. (Emphasis added.)
The prerequisites for imposition of Article 863 sanctions were set forth by this court in Sanchez v. Liberty Lloyds, 95-0956, pp. 5-7 (La.App. 1 Cir. 4/4/96), 672 So.2d 268, 272, writ denied, 96-1123 (La.6/7/96), 674 So.2d 972, as follows:
In order to impose sanctions, a trial court must first find that one of the affirmative duties impiosed by article 863(B) has been violated. LSA-C.C.P. art. 863(D). The certification required by paragraph B of the article is, from a grammatical reading of the paragraph, a four-part certification, the violation of any part of which would fatally infect the entire certification. The first part of the certification is that an attorney has read the pleading. The second part is that to the best of the attorney’s knowledge, information, and belief formed after reasonable inquiry, ■ the pleading is well grounded in fact. Thirdly, the attorney must certify that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *732 Fourth, and lastly, the attorney certifies that the pleading is not interposed for any improper purpose, such as to harass ,or to cause unnecessary delay or needless increase in the cost of litigation. (Emphasis added fropi original.)
Article 863, similar to Rule 11,. is not to be used simply because parties disagree as to the correct resolution- of a matter in litigation. Rule ll’s use is .intended only for exceptional circumstances, '
While it was Mr. Edwards who initiated this lawsuit against First Bank, the bank attempted to expedite the disposition of this matter by filing a motion for summary judgment. We note that neither the district court nor Mr. Edwards points to a specific pleading filed in this matter that merits sanctions, but states generally that pleadings were filed “over and over and over again,” and that Mr.-Edwards had to put forth significant effort in countering the claims of First Bank.. The record indicates that Mr. Edwards refused to agree to the setting aside of the motion for summary judgment after First Bank volunteered to , acquiesce in the defective. service, set aside the judgment, and reset the motion for summary, | .^judgment for hearing. It .appears that the only pleading, that could serve as the. basis for Article 863 sanctions was the answer, exceptions, and request for sanctions filed by First Bank in response to the petition for nullity filed by Mr. Edwards.
We do not find that First Bank engaged in any behavior that made this litigation burdensome or expensive. In opposing the petition for nullity, which was originally filed as a “supplemental petition” (even though all of the claims of. Mr. Edwards had been: dismissed with prejudice), First Bank contended the service of the motion for summary judgment, was valid under law and had a right to have the district court rule on whether the service was valid. The district court even .stated at the trial that counsel for First Bank was attempting to “make a good faith argument for the extension of existing law.” We do not find that such behavior on the part of First Bank rose to the level of sanctionable conduct. In fact, from our review of the record, actions of both parties prolonged this litigation. ' •
In calculating the sanctions imposed upon First Bank, the district court relied upon exhibits submitted by Mr. Edwards and his testimony regarding the number of hours spent preparing for this case. In addition to listing clerk of court fees for the various petitions filed,- Mr. Edwards also purportedly billed himself at the rate of $360 per houx\
It was Mr. Edwards who initiated this lawsuit against First Bank about an offset against debt, for which lie was in default. By filing a motion for summary judgment, First Bank attempted to expedite the disposition of this matter. In opposing the petition for nullity, First Bank merely attempted to defend its position. We fail to see how the conduct of First Bank rose to the level of sanctionable conduct.

^CONCLUSION

For the foregoing reasons, the judgment of the district court nullifying the summary judgment is affirmed. The imposition of sanctions upon the Defendant/Appellant, First Bank and Trust, is reversed. All costs of this appeal are equally as--sessed against the parties.
JUDGMENT AFFIRMED IN PART; REVERSED IN,PART.
WELCH J. concurs in. part, 'dissents in part and assigns reasons. -

. Included in the record sent by the district court is a second summary judgment in favor of First Bank, identical to the first. Following the new trial on First Bank’s motion for summary judgment, the district court again granted summary judgment in favor of First Bank, ordering Mr. Edwards to pay the amoqnt due on the promissory note, plus attorney’s fees and interest. We note that Mr. Edwards has since filed a second nullity action, arguing that this appeal automatically stayed the remaining issues before the district court; however, the second nullity action does not form a part of the record on appeal. See La.Code Civ. Proc. Ann. art. 2128.