JAMES F. McKAY III, Chief Judge.
|]The defendant, Government Employees Insurance Company (GEICO), appeals the trial court’s granting of a partial summary judgment in favor of the plaintiff, Willie Jones, and its finding that Louisiana law and not Georgia law applied to adjudicate the plaintiffs uninsured/underinsured motorist (UM) claim against GEICO. We affirm.
*637 FACTS AND PROCEDURAL HISTORY
Before Hurricane Katrina, Willie Jones resided in New Orleans and was listed as an additional insured on a GEICO auto insurance policy issued to another person. Following Hurricane Katrina, Mr. Jones went to Georgia. While in Georgia, Mr. Jones was added to the aforementioned policy as a co-policy holder in June of 2006. However, in December of 2007, Mr. Jones was deleted from this policy.
On December 31, 2007, Mr. Jones was issued his own GEICO auto insurance policy at an address in Austell, Georgia. In January of 2009, Mr. Jones added Michon Copelin as an additional insured on his policy using the Austell, Georgia address. Beginning in 2009, Mr. Jones also requested insurance ID cards for both Louisiana and Alabama. Mr. Jones always hád a Louisiana driver’s | ¿Ícense and his vehicle was registered in Louisiana. Mr. Jones was also involved in a previous accident in Louisiana. In connection with that accident, Mr. Jones faxed GEICO a police report showing a New Orleans, Louisiana address on Arts Street and a copy of his Louisiana driver’s license, which showed the same address.
On June 7, 2011, Mr. Jones was involved in the automobile accident on Bienville Street in New Orleans, which gave rise to the instant case. The other driver, Beverly Dupree, was at fault and she was insured by Allstate. On June 5, 2012, Mr. Jones settled his claim against Allstate for the policy limits of $15,000.00. Thereafter, Mr. Jones contends that he made amicable demand upon GEICO to recover further monies under his policy’s UM coverage. GEICO contends that it declined coverage because Mr. Jones failed to obtain GEI-CO’s approval prior to settling and signing a release with Allstate, in direct contravention to Mr. Jones’s Georgia issued GEICO policy and Georgia statutory law.
On December 20, 2012, Mr. Jones filed a petition for damages against GEICO. GEICO answered the plaintiffs lawsuit on February 6, 2013. Following some discovery, the plaintiff filed a motion for partial summary judgment on August 21, 2014, seeking to have Louisiana law and not Georgia law declared to apply to the UM provisions at issue in this case. The trial court'held a hearing on the motion on October 17, 2014, and on November 18, 2014, the trial court signed a judgment granting plaintiff a partial summary judgment. The trial court certified that this judgment “was final for the purposes of writ or appeal, where the Court finds no reason for delay.” On December 15, 2014, the defendant filed a notice of intent to file for supervisory writ arid thereafter took a writ to this Court. This Court granted the writ for the sole purpose of sending it back to the trial court to | ^consider whether the relator’s notice of intent could be considered a motion for appeal.[1] On January 15, 2015, the defendant filed a motion seeking a devolutive appeal, which the trial court granted on'January 16,2015.
DISCUSSION
On appeal, GEICO raises the following assignments of error: 1) the trial court failed to follow established Louisiana law by resolving a conflict-of-law choice in favor of the plaintiffs Louisiana residency and vehicle registration, rather than the state in which the vehicle was repeatedly represented as garaged, and the insurance policy was issued; and 2) the trial court erred in failing to apply established Louisiana conflict-of-law criteria under La. C.C. Articles 3515 and 3537, thus improperly abrogating a Georgia insurance contract and applicable Georgia insurance law. Es *638 sentially, the issue before this Court is whether the plaintiffs motion for partial summary judgment was properly granted.
Dispositions of motions for .summary judgment are reviewed using the de novo standard of review “under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.” Wilson v. Calando, Constr. Co., 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200. The summary judgment “procedure is favored and shall be construed” to “secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). “The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no [4genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(C)(1).
The Mover bears the burden of proof. La. C.C.P. art. 966(C)(2). However, even if the movant will not bear the burden of proof at trial, he must “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). “The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exists.” Wilson, 11-0639, p. 3, 74 So.3d at 1200. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
In resolving a split among the circuits, the Louisiana .Supreme Court held that Louisiana’s UM law at La. R.S. 22:1406(D)(3) can be applied to foreign insurance policies in most state cases where the accident occurred in Louisiana and involved, a Louisiana resident, although the provisions of the statute do not apply automatically. Instead, the trial courts are instructed to conduct a choice-of-law analysis to determine which state’s law should apply. The Court acknowledged that the objective is to identify the state whose policies will be most seriously impaired if its law is not applied to the particular issue involved in the lawsuit. Champagne v. Ward, 2003-3211 (La.1/19/05), 893 So.2d 773, 772-777.
Louisiana Civil Code Article 3515 states:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
The state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in light of: (1) the relationship of each state lfito the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
Louisiana Civil Code Article 3537 provides:
Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue.
The state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the trans *639 action, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and by protecting one party from undue imposition by the other.
In the instant case, the appellee supported his motion for partial summary judgment with his own affidavit. In his affidavit, he stated that: 1) he was temporarily evacuating to Georgia due to Hurricane Katrina; 2) in August of 2005 and thereafter, he continued to return to work and clean up in the City of New Orleans; 3) following another incident in October of 2007, he faxed GEICO a police report indicating he resumed his Arts Street address in New Orleans; 4) he provided’GEICO with a Georgia address to use as a mailing address; 5) he never indicated that he intended to change his domicile to Georgia; 6) he gave the same New Orleans address on Arts Street to GEICO each time; 7) he voted in New Orleans; 8) he provided GEICO with Louisiana title and registration which again supplied the Arts Street address; and 9) he provided GEICO with a Louisiana License, listing the Arts Street address.
In its opposition to appellee’s motion for partial summary judgment, the appellant attaches what it purports to be the Georgia insurance policy and the 1442 deposition of Kimberly Jones. However, the full policy was not attached as an 16exhibit to the deposition of Ms. Jones. The appellant also did not introduce or authenticate the policy at the hearing on the motion for partial summary judgment. As such, the policy has never been made part of either the trial court or the appellate records.
Based on the record before this Court, the appellee has made a prima facie showing that Louisiana has a greater interest in having its laws concerning the UM provisions at issue in this ease applied than does Georgia. Conversely, the appellant has failed to provide factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial. Accordingly-, the trial court’s granting of the partial summary judgment was proper.
CONCLUSION
For the above and foregoing reasons, the trial qourt’s granting of partial summary judgment in favor of the plaintiff/ap-pellee is affirmed.
AFFIRMED
LOBRANO, J., dissents with reasons.

. Willie Jones v. Government Employees Insur ance Company, 2014-C-1387.