STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0964

JUNIOR MOORE BROWN

VERSUS

STRATIS CONSTRUCTION, LLC AND CARL ANDREW PERKINS

Judgment Rendered: **MAR 0 7 2022**

* * * * *

On Appeal from the
Office of Workers' Compensation Administration, District 6
In and for the Parish of St. Tammany
State of Louisiana
No. 18-06608

The Honorable R. Myles Donahue, Judge Presiding

* * * * *

| | |
|---|---|
| Michael W. Whitehead<br>Covington, Louisiana | Attorney for Plaintiff/Appellee<br>Junior Moore Brown |
| Ben E. Clayton<br>Joshua P. Clayton<br>Slidell, Louisiana | Attorneys for Defendants/Appellants<br>Stratis Construction, LLC and<br>Carl Andrew Perkins |

* * * * *

BEFORE:   WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**PENZATO, J.**

Stratis Construction, LLC and Carl Perkins appeal from a default judgment rendered against them in a workers' compensation proceeding. For the following reasons, we vacate and set aside the preliminary default and confirmation of default judgments and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2018, Junior Moore Brown filed a disputed claim for compensation with the Office of Workers' Compensation (OWC) against Stratis Construction, LLC (Stratis),[1] alleging that he suffered a disabling work-related injury necessitating medical treatment. Brown requested citation and service be made by certified mail at 70325 Hwy. 1077, Ste. 300, Covington, LA 70433 (70325 Hwy. 1077 address). On June 18, 2019, Brown amended his disputed claim for compensation against Stratis and added Carl Perkins as a defendant. Brown requested citation and service of the amended disputed claim be made on both defendants at the 70325 Hwy. 1077 address.

Subsequently, Brown sought a preliminary default against both defendants, which the OWC granted on October 23, 2019. In the motion for preliminary default, Brown asserted that service of the original claim was perfected on Stratis and that service of the amended claim was perfected on both defendants. The OWC confirmed the default judgment on April 28, 2021, awarding Brown certain indemnity benefits and "all reasonable and necessary medical benefits for treatment necessitated by this accident." On May 24, 2021, defendants filed a petition to annul the default judgment, alleging that neither defendant had ever been served with Brown's claim. On the same date, defendants filed a motion for suspensive appeal.

---

[1] Brown misspelled Stratis as "Stratus" in the original claim, which he corrected in an amended claim.

2

After the instant appeal was lodged, this court issued a Rule to Show Cause Order on the following issues: (1) whether the judgment described the relief with sufficient particularity with regard to the medical expenses; and (2) whether the appeal was premature given the outstanding petition seeking to annul the default judgment. (Rule to Show Cause Order). Following the issuance of the Rule to Show Cause Order, Brown filed a motion to supplement the appellate record, requesting that this court order the OWC to supplement the record with the service information pursuant to the Uniform Rules—Courts of Appeal, Rule 2-1.11.[2] This court denied the motion to supplement the appellate record, determining that pursuant to La. C.C.P. arts. 2132 and 2088(A)(4), the request was more properly directed to the trial court. Subsequently, the OWC signed a consent judgment supplementing the appellate record with the "purported citations and returns for service" of the original and amended claims on Stratis and Perkins.

We first address whether this appeal is premature given the outstanding petition for nullity. Louisiana Code of Civil Procedure article 2005 provides, in pertinent part, that "[a]n action for nullity does not affect the right to appeal." Moreover, this court has recognized that "an action of nullity of a final judgment is a separate remedy independent of all other actions for judicial relief, and may be availed of notwithstanding the right of appeal and without adverse effect upon one's right of appeal." *Schoen v. Burns*, 321 So. 2d 908, 913 (La. App. 1st Cir. 1975). An action to annul a judgment for a vice of form may be brought by an interested person at any time, before any court, and through a collateral proceeding. *See* La. C.C.P. art. 2002(B); *Edwards v. First Bank & Trust*, 2012-0423 (La. App. 1st Cir. 4/8/13), 181 So. 3d 726, 729. A party may avail himself of the right to seek annulment of a

---

[2] Uniform Rules—Courts of Appeal, Rule 2-1.11 provides:

> Subpoenas, notices, and returns may be omitted from the record, unless they are at issue. Such items may be supplied upon timely application to this court by any party, upon showing their materiality.

3

judgment despite the fact that the party has a right to appeal and without adversely affecting the right to appeal. *See* La. C.C.P. art. 2005; *Edwards*, 181 So. 3d at 729. *See also Roach v. Pearl*, 95-1573 (La. App. 1st Cir. 5/10/96), 673 So. 2d 691, 694-95 ("[Louisiana Code of Civil Procedure article] 2005 specifically allows for a nullity action while an appeal is pending.") Further, *Roach* recognized that the nullity action could be brought in the same suit without distinguishing whether the nullity sought was relative or absolute. Given the foregoing, the appeal is not premature despite a nullity action being filed in the underlying OWC proceedings. Therefore, we maintain this appeal.

## ASSIGNMENTS OF ERROR

Defendants assert two assignments of error: (1) that the OWC erred by rendering a default judgment against them because they never were served with citation or the claim prior to the entry of the default judgment; and (2) that the OWC erred because Brown did not make a *prima facie* showing that his alleged accident arose out of the course and scope of his employment with defendants.

## APPLICABLE LAW

### Sufficiency of Service

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. This determination is a factual one governed by the manifest error standard of review. *Arias v. Stolthaven New Orleans, L.L.C.*, 2008-1111 (La. 5/5/09), 9 So. 3d 815, 818.

Louisiana Code of Civil Procedure Article 1201(A) provides that "[c]itation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them *all proceedings are absolutely null.*" (Emphasis added.); *Pope v. Roberts*, 2013-1407 (La. App. 1st Cir. 4/16/14), 144 So. 3d 1059, 1063.

4

The record before us reflects that the citations for both the original and amended claims were addressed to the 70325 Hwy. 1077 address. The records of the Louisiana Secretary of State evidence that the mailing address, registered office address, and domiciliary address of Stratis is 728 N. Theard Street, Covington, Louisiana, 70433 (728 N. Theard Street address), and that Perkins is the registered agent for service of process for Stratis.[3]

The motion and order for preliminary default did not identify the individuals who were served with either the original or amended claim and did not specify the alleged form of service. The supplemented evidence reflects one certified mail receipt directed to Stratis at the 70325 Hwy. 1077 address and signed by "Candice Simm." A second certified mail receipt directed to Perkins at the 70325 Hwy. 1077 address is signed by "A. Roderfeld." Two other certified mail receipts directed to Stratis and Perkins at the 70325 Hwy. 1077 address are both signed by "A. Roderfeld." At the hearing on the confirmation of preliminary default, the OWC requested whether Brown knew the identity of "A. Roderfeld" or "Candice Simm,"[4] but Brown admitted he did not know either person. There is no evidence in the record that "Candice Simm" or "A. Roderfeld" was authorized to receive service on behalf of either Stratis or Perkins.

Defendants assert that even with the certified mail receipts, service was not proper upon the defendants pursuant to La. R.S. 23:1310.3(B), which permits service

---

[3] The records of the Louisiana Secretary of State can be found at www.sos.la.gov. We take judicial notice herein of the Secretary of State's official governmental website. *See Welch v. Planning & Zoning Commission of East Baton Rouge Parish*, 2016-0253 (La. App. 1st Cir. 4/26/17), 220 So. 3d 60, 68 n.9 (taking judicial notice of Secretary of State's official governmental website); *State v. Carpenter*, 2000-436 (La. App. 3rd Cir. 10/18/00), 772 So. 2d 200, 206, *writ denied*, 2000-3152 (La. 1/25/02), 806 So. 2d 665; *see also Phi Iota Alpha Fraternity, Inc. v. Schedler*, 2014-1620 (La. App. 1st Cir. 9/21/15), 182 So. 3d 998, 1003 (taking judicial notice of the information maintained on the United States Patent and Trademark Office's website).

[4] The record reflects the spelling of "Candice Simm" as "Candace Simm." However, the supplemented evidence reveals that the certified mail receipt was signed as "Candice Simm." Therefore, we will use the spelling on the certified mail receipt.

of a workers' compensation claim by certified mail or any other manner provided by law. Louisiana Revised Statute 23:1316 provides:[5]

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or the time extended by the workers' compensation judge, and **upon proof of proper service having been made**, preliminary default may be entered against him. The preliminary default shall be obtained by written motion. [Emphasis added.]

With regard to a limited liability company, service is required to have been made by certified mail at the registered address. *See Jefferson Parish Hospital Service District No. 2 v. K & W Diners, LLC*, 2010-767 (La. App. 5th Cir. 4/12/11), 65 So. 3d 662, 667. There is no evidence in the record that Stratis was served at its registered address, the 728 N. Theard Street address. We further note that there is no evidence in the record that either "Candice Simm" or "A. Roderfeld" was authorized to accept service on behalf of Stratis. *See Brigandi v. Egana*, 2001-176 (La. App. 5th Cir. 5/30/01), 788 So. 2d 680, 681-82 (finding default judgment absolutely null because the return of service failed to indicate the capacity of the person receiving service).

Brown asserts that at the time of service of the original claim in 2018 and the amended claim in 2019, Stratis's registered address was the 70325 Hwy. 1077 address. However, there is nothing in the record to support this assertion. The Louisiana Secretary of State lists the 728 N. Theard Street address and the date of registration as March 3, 2015. There is nothing showing any other address ever registered to Stratis. Brown relies on *Andre v. Construction Material Shop*, 93-1212 (La. App. 1st Cir. 3/11/94), 633 So. 2d 1313, 1317, for the proposition that service may be made on an employer/defendant at its business address, even if not on the registered agent for service of process. However, *K&W Diners* distinguished *Andre* and recognized that even if service of process is made properly pursuant to La. R.S.

---

[5] Louisiana Revised Statute 23:1316 was recently repealed by Acts 2021, No. 174, § 6, effective January 1, 2022.

6

23:1310.3(B) by certified mail, it must also be on the proper person. *K&W Diners*, 65 So. 3d at 667. The court in *K&W Diners* annulled the default judgment because service was not made at the registered address of an employer. *K&W Diners*, 65 So. 3d at 669. Brown asserts that the 70325 Hwy. 1077 address is the business address and was the registered address of Stratis at the time of service; argument of counsel and briefs, no matter how artful, are not evidence. *Seale & Ross, P.L.C. v. Holder*, 2019-1487 (La. App. 1st Cir. 8/3/20), 310 So. 3d 195, 204. Therefore, the service of process upon Stratis is insufficient.

Brown also maintains that citation and service upon Perkins was appropriate, alleging that Perkins is a licensed practicing attorney in the State of Louisiana with the Louisiana State Bar Association listing his principal place of business as the 70325 Hwy. 1077 address. As we stated above, even if service of process is made properly pursuant to La. R.S. 23:1310.3(B) by certified mail, it must also be on the proper person. *K&W Diners*, 65 So. 3d at 667.

There is no evidence in the record that Perkins was served personally. Brown offers no authority for the proposition that service of an individual at an address listed with the Louisiana State Bar Association is sufficient under the circumstances herein. Furthermore, there is no evidence in the record that Perkins is an attorney or establishing the location of his business address.[6] Therefore, the purported service upon Perkins is insufficient.

**Absolute Nullity of Default Judgment**

A final judgment may be annulled for either vices of form or substance. La. C.C.P. art. 2001. Judgments suffering from vices of form are called "absolute nullities," while those which contain vices of substance are called "relative

---

[6] Even if we were to assume that the Louisiana State Bar Association website is a government website and accept that the 70325 Hwy. 1077 address is the business address of Perkins, there is no evidence in the record that Perkins was served personally or that either "Candice Simm" or "A. Roderfeld" had authority to accept service for Perkins.

7

nullities." *Rivet v. Regions Bank*, 2002-1813 (La. 2/25/03), 838 So. 2d 1290, 1293. A default judgment confirmed against one whom a valid preliminary default has not been taken is an absolute nullity. La. C.C.P. art. 2002. Absolute nullities may be attacked collaterally, at any time, by rule, or any other method. C.C.P. art. 2002; *Rivet*, 838 So. 2d at 1293.

It is well settled that a default judgment may not be taken against a person who has not received citation and service thereof. *Ware v. Foremost Insurance Co.*, 2016-1481 (La. App. 1st Cir. 6/2/17), 223 So. 3d 1, 3 (*citing Clay v. Clay*, 389 So. 2d 31, 35-36 (La. 1979)). A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity. *See* La. C.C.P. arts. 1201(A) and 2002(A)(2); *Edwards*, 181 So. 3d at 729. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. *Rivers v. Groth Corporation*, 95-2509 (La. App. 1st Cir. 9/27/96), 680 So. 2d 762, 763.

The evidence reflects that service was not made on Perkins personally and that the purported service to Stratis was sent by certified mail to an address not listed as the registered address for Stratis with the Louisiana Secretary of State. We acknowledge that service on an attorney, as a representative of a client, is proper when the attorney's secretary is served in the attorney's office. La. C.C.P. art. 1235(B); *Edwards*, 181 So. 3d at 729. However, there is no indication in the record as to the capacities of "Candice Simm" and "A. Roderfeld" or that either individual was authorized to accept service for either Stratis or Perkins. As we have determined that the certified mail receipts signed by "Candice Simm" and "A. Roderfeld" were insufficient service of process upon the defendants, we find that the default judgment entered in this case is an absolute nullity and we reverse it. This case is remanded for further proceedings.

8

As we have found that the judgment is an absolute nullity, we pretermit any discussion referred to in the Rule to Show Cause as to the language therein not setting forth the medical expenses with any certainty. Furthermore, we also pretermit any discussion as to defendants' second assignment of error that Brown failed to make a *prima facie* showing that his alleged accident arose out of the course and scope of his employment with Perkins.

## CONCLUSION

For the reasons set forth above, we vacate the October 23, 2019 preliminary default and April 28, 2021 confirmation of default judgments of the Office of Workers' Compensation rendered against Stratis Construction, LLC and Carl Perkins, and in favor of Junior Moore Brown. This matter is remanded to the Office of Workers' Compensation for further proceedings consistent with this opinion. All costs of this appeal are assessed against plaintiff/appellee, Junior Moore Brown.

**APPEAL MAINTAINED; OCTOBER 23, 2019 JUDGMENT OF PRELIMINARY DEFAULT AND APRIL 28, 2021 JUDGMENT CONFIRMING DEFAULT VACATED; CASE REMANDED.**