STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

**2023 CA 0911**

**TIBBERLY RICHARD**

**VERSUS**

**BONNIE WILLIAMS**

Judgment Rendered:___**APR 3 0 2024**___

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C657902, Sec. 24

Honorable Donald R. Johnson, Judge Presiding

* * * * * * *

| | |
|---|---|
| Burgundy C. Hammond<br>Port Allen, Louisiana<br>and<br>Elizabeth A. B. Goree<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Tibberly Richard |
| Bonnie Williams, *Pro Se*<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Bonnie Williams |

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

Plaintiff, Tibberly Richard, appeals from the trial court's December 29, 2022 judgment denying her motion to annul a purportedly absolutely null order. In that motion, plaintiff sought to annul the trial court's June 18, 2022 order, which granted a motion to dismiss with prejudice filed by defendant, Bonnie Williams. For the following reasons, we reverse the December 29, 2022 judgment, grant the plaintiff's motion to annul, and vacate the June 18, 2022 order granting the defendant's motion to dismiss. This matter is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Tibberly Richard and Bonnie Williams allegedly entered an oral agreement wherein Bonnie agreed to sell immovable property to Tibberly for the sum of $60,000. Tibberly maintains she paid all but $9,300 of the purchase price to Bonnie, and the sale was never completed. Instead, Bonnie purportedly agreed to sell the property to someone else. In May 2017, Tibberly, through counsel, filed a petition for specific performance of the agreement to sell real estate, seeking a judgment ordering Bonnie to complete the agreement to sell or, in the alternative, to return all money paid to Bonnie, with interest. Bonnie, who appeared *pro se* throughout this proceeding, filed an answer to the petition in June 2017 generally denying the allegations in Tibberly's petition and urging that Tibberly breached the contract between the parties.

The record contains minimal filings over the next five years.[1] In April 2022, Bonnie filed a motion to dismiss with prejudice, urging Tibberly's suit should be dismissed due to, among other reasons, the "[f]ailure of legal counsel and Plaintiff not being present at court appearances." Bonnie also asserted various defenses to the merits of Tibberly's suit. An "X" appears over the text of the order filed with

---

[1] Tibberly filed a motion for summary judgment in April 2021, which was set for hearing in August 2021. For reasons not apparent from the record, it appears this hearing did not take place.

2

Bonnie's motion,[2] and it appears typed language was added, ordering Tibberly to appear and show cause on June 6, 2021 at 10:00 am why Bonnie's motion to dismiss should not be granted. The order was signed on May 6, 2022, making it evident the hearing date was June 6, 2022, not June 6, 2021 as indicated on the order. The order stated, "Please Serve: Bonnie Williams." There was no certificate of service, and no request for service on Tibberly or her counsel of record.

The transcript from the hearing on Bonnie's motion to dismiss is not included in the record. The minutes reflect the contradictory hearing on Bonnie's motion was held on June 6, 2022 via teleconference. Bonnie was present, but Tibberly did not make an appearance. According to the minutes, the trial court granted the motion to dismiss, and instructed Bonnie to prepare and submit a judgment to the court for signature.

On June 18, 2022, the trial court signed an order ruling on Bonnie's motion to dismiss, which stated, "Considering the failure of plaintiff to [participate] in requested conferences and after plaintiff has been given opportunities to argue the merits of their [sic] case. This matter is dismissed at plaintiff's cost, with prejudice."[3] The order also bears Bonnie's signature but was not signed by Tibberly.[4]

Tibberly, appearing through new counsel, filed the subject "EXPEDITED MOTION TO ANNUL JUDGMENT OF DISMISSAL, EXCEPTION OF

---

[2] The original text of the order granted the motion for dismissal with prejudice, among other things.

[3] Bonnie refiled her motion to dismiss with an accompanying order on June 7, 2022. The trial court's ruling on the motion to dismiss is memorialized in the order submitted with Bonnie's second motion to dismiss, which is identical to the first. Again, an "X" appears over the original text of the order.

[4] On June 3, 2022, Tibberly, appearing *pro se*, fax filed a motion to continue the hearing on Bonnie's motion to dismiss. Tibberly asserted she was not served in accordance with the Louisiana Code of Civil Procedure. Tibberly's motion to continue was denied by an order signed on June 21, 2022, with an instruction to refer to the minutes of court.

INSUFFICIENT SERVICE & OTHER RELIEF" in September 2022.[5] In the motion, Tibberly asserted she was not served with notice of the June 6, 2022 hearing on Bonnie's motion to dismiss. Tibberly pointed out the court record showed she was not personally served, nor was there evidence of an attempt to serve.

A contradictory hearing on Tibberly's motion to annul was held in October 2022. Counsel appeared on behalf of Tibberly, and Bonnie appeared *pro se* via teleconference. After hearing from both parties, the trial court denied Tibberly's motion to annul, without providing reasons. A written judgment denying Tibberly's motion to annul was signed on December 29, 2022.

Tibberly filed this appeal.[6] In a single assignment of error, Tibberly asserts the trial court committed an error of law when it denied her motion to annul.

## LAW AND DISCUSSION

Absent an express waiver, citation and service thereof are essential in all civil actions, except summary and executory proceedings, divorce actions under La. C.C. art. 102, and proceedings under the Louisiana Children's Code. La. C.C.P. art. 1201; *Butler v. Sandberg*, 2018-0917 (La. App. 1st Cir. 10/23/19), 289 So.3d 638, 640. Louisiana Code of Civil Procedure article 1312 provides that every pleading subsequent to the original petition must be served on the adverse party in accordance with La. C.C.P. art. 1313 or art. 1314. *Butler*, 289 So.3d at 640. Louisiana Code of Civil Procedure article 1313(C) pertinently states that, if a pleading or order sets a

---

[5] The record contains an *unsigned* notice of limited appearance by Tibberly's current counsel. However, the record does not contain a motion and signed order allowing the withdrawal of Tibberly's original attorney, who appeared on her behalf and filed the petition. Unless an attorney is making a limited appearance, the filing of the initial petition constitutes enrollment and no further notice of enrollment is needed. See La. Dist. Ct. Rule 9.12 – Comments (Paragraph 2); *Butler v. Sandberg*, 2018-0917 (La. App. 1st Cir. 10/23/19), 289 So.3d 638, 642 n. 3. Counsel of record remains enrolled until a matter is concluded or the court has granted the attorney permission to withdraw, which requires a formal motion. See La. Dist. Ct. Rule 9.13 and La. R. Prof. Conduct 1.16(c). Until such a withdrawal, counsel of record maintains a continuing obligation to the court, opposing counsel, and most importantly, his client. *Butler*, 289 So.3d at 642 n. 3.

[6] See *United Most Worshipful King George's Grand Lodge A.F. & A. Masons v. Lewis*, 2021-1326 (La. App. 1st Cir. 4/8/22), 342 So.3d 36, 40, and *Bracken v. Payne & Keller Co.*, 2014-0637 (La. App. 1st Cir. 8/10/15), 181 So.3d 53, 56-7, considering appeals from the denial of motions to annul purportedly null judgments.

court date, service shall be made by registered or certified mail or as provided in La. C.C.P. art. 1314,[7] by actual delivery by a commercial courier, or by emailing the document to the email address designated by counsel or the party. The purpose of La. C.C.P. art. 1313(C) is to fulfill the due process requirements under the Louisiana Constitution and United States Constitution and should be strictly construed. *Butler*, 289 So.3d at 641, *citing* U.S. Const. Amend. 14; La. Const. art. I, § 2; and La. C.C.P. art. 1313.

Generally, a judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity due to a "vice of form." See La. C.C.P. arts. 2001 and 2002(A)(2); *Butler*, 289 So.3d at 641; *Adair Asset Management, LLC/US Bank v. Honey Bear Lodge, Inc.*, 2012-1690 (La. App. 1st Cir. 2/13/14), 138 So.3d 6, 11. Louisiana Code of Civil Procedure article 2002(A)(2) has also been interpreted to provide for a nullity action by a defendant-in-rule, as Tibberly was in this case. See *Zenon v. Liberty Mutual Fire & Casualty Ins. Co.*, 2003-0971 (La. App. 1st Cir. 4/2/04), 871 So.2d 642, 644, *writ denied*, 2004-1549 (La. 10/1/04), 883 So.2d 988.

An action to annul a judgment for a vice of form may be brought by any interested person at any time, before any court, and through a collateral proceeding, such as a contradictory motion or rule. La. C.C.P. art. 2002(B); *Adair Asset Management, LLC/US Bank*, 138 So.3d at 11. The absolute nullity of a judgment may be raised in any proceeding where the validity of such a judgment is asserted. See *Edwards v. First Bank and Trust*, 2012-0423 (La. App. 1st Cir. 4/8/13), 181 So.3d 726, 729-30 (affirming a judgment of nullity, finding service on the plaintiff, a self-represented attorney, through his legal secretary was improper pursuant to La. C.C.P. art. 1235(B)). Generally, a party attacking citation and service must prove

---

[7] Louisiana Code of Civil Procedure article 1314, not applicable here, sets forth the methods of service of a pleading, which is required to be served but may not be served under La. C.C.P. art. 1313.

by a preponderance of the evidence that there was lack of service of process. *Butler*, 289 So.3d at 641.

Given the evidence in the record, this court finds Bonnie failed to properly serve notice of the June 6, 2022 hearing on Tibberly as required under La. C.C.P. art. 1313(C).[8] There is no evidence in the record indicating Tibberly was served with notice of the hearing. Neither Tibberly nor her counsel of record appeared at the hearing on Bonnie's motion to dismiss, and nothing in the record suggests any waiver by Tibberly of the formal service requirements. As service of process on Tibberly was not made as required by law, the trial court's June 18, 2022 order granting Bonnie's motion to dismiss with prejudice is an absolute nullity. La. C.C.P. arts. 2001 and 2002(A)(2); *Butler*, 289 So.3d at 641-42. The trial court erred as a matter of law by denying Tibberly's motion to annul.[9]

## DECREE

For the foregoing reasons, we reverse the December 29, 2022 judgment denying the motion to annul filed by Tibberly Richard, grant the motion to annul, and vacate the June 18, 2022 order granting Bonnie Williams's motion to dismiss with prejudice, dismissing Tibberly Richard's suit with prejudice, as an absolute nullity. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendant, Bonnie Williams.

**MOTION TO ANNUL GRANTED. DECEMBER 29, 2022 JUDGMENT REVERSED; JUNE 18, 2022 ORDER VACATED; REMANDED.**

---

[8] On appeal, courts have determined whether service was made as required by law by examining the record. See *Adair Asset Management, LLC/US Bank*, 138 So.3d at 14; *Tucker v. Hill*, 2019-0547 (La. App. 1st Cir. 1/9/20), 2020 WL 104614, *2 (unpublished); *Butler*, 289 So.3d at 641; *Wilson v. Calamia Construction Co.*, 2011-0639 (La. App. 4th Cir. 9/28/11), 74 So.3d 1198, 1200.

[9] Appellate review of questions of law is a review of whether the trial court was legally correct or incorrect. On legal issues, the appellate court gives no weight to the findings of the trial court but exercises its constitutional duty to review questions of law *de novo*, after which it renders judgment on the record. *Terrell v. Derouen*, 2021-1327 (La. App. 1st Cir. 7/5/22), 345 So.3d 1065, 1070.