TERRI F. LOVE, Judge.
|]The plaintiff fell and sustained injuries to her right ankle on the Guarino’s property. She alleges that the Guarino’s and the construction company breached a duty to her because the step she utilized to exit the residence was higher than codal requirements prescribe. All of the defendants filed motions for summary judgment, which the trial court granted. We dismissed the plaintiffs original appeal because the record lacked both motions for summary judgment, supporting memo-randa, exhibits, and reply memoranda. However, the Louisiana Supreme Court remanded the matter for record supplementation and consideration. After supplementation and consideration, we find that no genuine issues of material fact exist as to the legal causation of the plaintiffs injuries because the plaintiff failed to provide a scintilla of evidence that the alleged extra height of the step was the cause-in-fact of her injuries based on the facts and circumstances of this case. Therefore, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Brandy D’Angelo exited the exterior side doorway of Mandy[1] and Eugenio Guarino’s residence on July 11, 2004, and, after a flat footfall, broke her ankle. 12Specifically, Ms. D’Angelo suffered from a right tibial plafond and lateral malleolus fracture of the right leg and ankle. Ms. D’Angelo’s injuries resulted in multiple surgeries.
Ms. D’Angelo filed a petition for damages against the Guarinos, State Farm Fire and Casualty Company (“State Farm”), as their insurer, Terry Tedesco, Inc. (“TTI”), as the builder of the residence, and TTI’s insurer (collectively “Defendants”) alleging that the Defendants’ negligence was the proximate cause of her injuries. Ms. D’Angelo’s first supplemental and amended petition specifically named TTI’s insurer as North American Specialty Insurance Company (“NAS”).
The Guarinos filed a motion for summary judgment alleging that Ms. D’Angelo could neither prove that the step was defective, nor the remaining components of premises liability. TTI also filed a motion for summary judgment stating that Ms. D’Angelo “cannot offer any explanation or evidence how this ½ inch to 1 inch alleged codal deviation caused any damage.” The trial court granted the Defendants’ motions for summary judgment. However, Ms. D’Angelo filed a motion to vacate judgment and alternatively for a new trial.
The trial court then vacated the judgments, finding that “the standard used to determine if plaintiff had asserted evidence concerning causation of the plaintiffs injury had been incorrectly applied to Dr. Frederick Keppel’s testimony.” The trial court ordered additional memoranda from all parties for consideration prior to its next judgment. After consideration of the memoranda, the trial court granted the Guarinos’ motion for summary judgment and dismissed all of Ms. D’Angelo’s claims. The trial court granted TTI’s motion for summary judgment in part, but denied the motion for summary judgment in part based upon contractor immunity. |sHowever, the trial court dismissed all of *686 Ms. D’Angelo’s claims against TTI and NAS. Ms. D’Angelo’s devolutive appeal followed.
This Court dismissed Ms. D’Angelo’s devolutive appeal because the appellate record lacked the motions for summary judgment, related memoranda, attached exhibits, and replies to oppositions to the motions for summary judgment upon which the trial court’s judgment was based. D’Angelo v. Guarino, 10-1555 (La. App. 4 Cir. 5/18/11), 66 So.3d 536, writ granted, 11-1558 (La.10/07/11), 71 So.3d 300. The Louisiana Supreme Court granted a writ of certiorari and remanded the case for further proceedings. D’Angelo v. Guarino, 11-1558 (La.10/07/11), 71 So.3d 300. This Court then ordered that the parties supplement the record for full consideration.

STANDARD OF REVIEW

Dispositions of motions for summary judgment are reviewed using the de novo standard of review “under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.” Wilson v. Calamia Constr. Co., 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200.
The summary judgment “procedure is favored and shall be construed” to “secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). “After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue |4as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.” La. C.C.P. art. 966(C)(1).
The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). “However, if the movant,” as in the case sub judice, “will not bear the burden of proof at trial,” the movant must “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). “The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist.” Wilson, 11-0639, p. 3, 74 So.3d at 1200. “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
The Louisiana Supreme Court stated that:
A “genuine issue” is a “triable issue.” Toups v. Hawkins, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing Brown [v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir.1965) ], supra). More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.”
[[Image here]]
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). “[Fjacts are material if they potentially insure or preclude recovery, affect a liti *687 gant’s ultimate success, or determine the outcome of the legal dispute.” South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La.1992).
Hayes v. Autin, 96-287, p. 5 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, quoting Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 5730, 751. The Louisiana Supreme Court also expounded upon the burden of proof on a motion for summary judgment by stating that the mover:
can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. See MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 4 (La.6/30/00), 764 So.2d 37, 39-40.

SUMMARY JUDGMENTS

Ms. D’Angelo asserts that the trial court committed legal error and mistakenly granted the Defendants’ motions for summary judgment because the step leading onto the Guarinos’ driveway was allegedly approximately two inches higher than co-dal requirements, which created an “unreasonably dangerous” defect.
When seeking to recover under a strict liability theory, the plaintiff “must show that there was a defect in design which created an unreasonable risk of harm during normal use, and that the defect was the cause of’ his injuries. Se. Fid. Ins. Co. v. Cashio, Cochran & Associates, Inc., 505 So.2d 141, 142 (La.App. 4th Cir.1987). “A defect is a flaw or fault which creates an unreasonable risk of harm to others.” Id.
| fi“The test for determining the causal relationship between an accident and a subsequent injury is whether the plaintiff proved through medical and lay testimony that it is more probable than not that the subsequent injuries were caused by the accident.” Williams v. Stewart, 10-0457, p. 6 (La.App. 4 Cir. 9/22/10), 46 So.3d 266, 272. In order to meet the plaintiffs burden of causation,
a plaintiff may be aided by a presumption of causation if before the accident the plaintiff was in good health, but subsequent to the accident the symptoms of the disabling condition appear and those symptoms continuously manifest themselves afterward providing that the evidence establishes a reasonable possibility of causal connection between the accident and the disabling condition. Dabog v. Deris, 625 So.2d 492, 493-94 (La.1993); Housley v. Cerise, 579 So.2d 973, 980 (La.1991). This so-called Hous-ley presumption can be broken down into three component parts: (i) the plaintiff must prove that he or she was in good health before the accident; (ii) the plaintiff must prove that subsequent to the accident symptoms of the alleged injury appeared and continuously manifested themselves afterwards; and (iii) the plaintiff must prove through evidence — medical, circumstantial, or com *688 mon knowledge — a reasonable possibility of causation between the accident and the claimed injury. Juneau v. Strawmyer, 94-0903 (La.App. 4 Cir. 12/15/94), 647 So.2d 1294, 1299. The plaintiff has the burden of proving each component part by a preponderance of the evidence. Id. The Housley presumption is rebut-table; the defendant may rebut it by showing that some other particular incident could have caused the disabling condition. 19 Frank L. Maraist, Louisiana Civil Law Treatise: Evidence and Proof, § 4.3 (citing Simon v. United States, 51 F.Supp.2d 739 (W.D.La.1999)); Dixon [v. Travelers Insurance Company ], 02-1364 at pp. 8-9 [ (La.App. 4 Cir. 4/2/03)], 842 So.2d [478] at 484; Maranto [v. Goodyear Tire & Rubber Co.], supra [650 So.2d 757 (La.1995) ].
Williams, 10-0457, pp. 6-7, 46 So.3d at 272.
Causation is a factual issue. Jordan v. State ex rel. Bd. of Adm’rs of Louisiana State Univ. Agric. & Mech. Coll., Health Servs. Div., 09-1277, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1139, 1142. However, it is undisputed that Ms. D’Angelo suffered a right tibial plafond and lateral malleoulus fracture of the right |7leg and ankle when she stepped out the Guarino’s doorway.[2] Based upon her own testimony, it is also undisputed that Ms. D’Angelo made a flat footfall as opposed to a trip. The movers in this case, the Defendants, pointed to an absence of factual support for an element essential to Ms. D’Angelo’s claims. The Defendants presented a prima facie case that Ms. D’Angelo failed to submit any evidence regarding whether the alleged increased height of the step was the cause of her injuries. Therefore, the burden then shifted to Ms. D’Angelo to “produce factual support sufficient to establish that” she “will be able to satisfy his evidentiary burden of proof at trial.” La. C.C.P. art. 966(C)(2). As the trial court judge stated in his reasons for judgment:
[n]o matter how it is termed under negligence, strict liability principles, or duty-risk analysis, the plaintiff must establish that the duty owed to the plaintiff encompassed the injury arising in this manner. Whether you term is as being the cause, the proximate cause, the legal cause, or the cause in fact of the plaintiffs injury, the principle remains the same. In this instance, is the fact that plaintiff stepped down an additional two inches to the driveway the reason that defendants should be liable? Termed another way, has the plaintiff presented evidence that, but for this additional two inches, she would not have fallen as a result of her stepping down to the driveway?
We agree.
Ms. D’Angelo presented excerpts from numerous depositions, including Dr. Kep-pel’s deposition. Dr. Keppel testified that a flat footfall could cause Ms. D’Angelo’s injuries. However, he also stated that he could not answer anything to any degree of medical certainty as to whether an alleged increase in height of the step contributed to Ms. D’Angelo’s injuries. In sum, Dr. Keppel could only state that “a fall of the type that she sustained could have sustained — could have caused Rthese injuries.” The engineering reports submitted by Ms. D’Angelo described the applicable building codes, measurements of the step, and a theory on concrete settling. Dr. Ernest Chiodo’s affidavit stated that *689 the “forces generated by the fall suffered by Brandy D’Angelo were the cause of her right leg and ankle fracture.” However, Dr. Chiodo’s report does not address whether Ms. D’Angelo’s injuries occurred because of the alleged two-inch deviation in the Guarinos’ step.
Ms. D’Angelo asserts that “Housley presumption” applies, which would entitle her to a reversal on appeal. The Louisiana Supreme Court reiterated that:
[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
Housley v. Cerise, 579 So.2d 973, 980 (La.1991), quoting Lucas v. Ins. Co., 342 So.2d 591 (La.1977). We find this argument misplaced, as there is no dispute that Ms. D’Angelo suffered injuries as a result of the fall.
Although, in the case sub judice, Ms. D’Angelo presented expert and lay testimony, as well as engineering reports, she failed to respond with factual support sufficient to establish that she would be able to prove by a preponderance of the evidence the cause-in-fact element at trial. In other words, Ms. D’Angelo failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial that the alleged two-inch deviation from codal requirements caused her injuries, which thereby entitled the Defendants to summary judgments. Therefore, after conducting a de novo review, we find that the trial court properly granted the summary judgments in favor of the Defendants and affirm.
| ^decree
For the above mentioned reasons, we find that the trial court did not err because Ms. D’Angelo failed to present a scintilla of evidence that she would be able to meet her burden of proof at trial in regards to the legal cause of her injuries; more specifically, whether the alleged extra height of the step caused her injuries. Therefore, we affirm.
AFFIRMED
McKAY, J., concurs in the result.
LANDRIEU, J., dissents with reasons.

. Mrs. Guarino is Ms. D’Angelo’s sister. Ms. D'Angelo lived in the residence for at least six months and visited frequently after moving out.

. It is undisputed in the record and noted by the learned trial court that Ms. D'Angelo did not trip.