MAX N. TOBIAS, JR., Judge.
11 Rebecca Brown, the plaintiff/appellant herein, appeals a decision of the trial court granting the motion of summary judgment filed by defendant/appellee, Diagnostic Imaging Services, Inc. (“DIS”). That judgment dismissed DIS from this case. After examining the record and applicable law, we affirm the judgment.
On 2 May 2012, Ms. Brown arrived at DIS, located at 3437 Prytania Street, New Orleans, to have a mammogram performed. While leaving the premises, Ms. Brown fell allegedly on the broken sidewalk located adjacent to DIS and suffered extensive injuries. She sued both DIS and Touro Infirmary Foundation (“Touro”), which owned the property and from whom DIS leased the building on which its place of business is located. In a first supplemental and amending petition, Ms. Brown added the City of New Orleans as a party defendant, alleging that the City had custody and control over the defective sidewalk on which Ms. Brown fell.
Early in the litigation, both DIS and Touro filed motions for summary judgment that were denied by the trial court; the court specifically stated that the motions could be re-urged in the future.
li>On 5 December 2014, Touro re-urged its motion for summary judgment, which was again denied by the trial court. The trial court found triable issues of fact as to whether Touro “undertook sidewalk repairs in the front of DIS and, if so, whether or not that undertaking gave them garde and control over the sidewalk in *1169 front of the door, including the alleged defective portion of the sidewalk extending to the curb where Ms. Brown fell.”
Touro filed an application for supervisory writs with this court that was denied; a writ filed to the Louisiana Supreme Court was likewise denied. See Brown v. Diagnostic Imaging Services, Inc., 15-0004, unpub. (La.App. 4 Cir. 1/29/15), writ denied, 15-0403 (La.5/1/15), 169 So.3d 374.[1]
DIS also re-urged its motion that was heard on 19 December 2014. In opposition to the motion, Ms. Brown filed the lease existing between Touro as lessor and DIS as lessee. The trial court granted the motion, noting that the lease specifically states:
16. Lessor shall maintain the common areas of the Building in a safe and clean condition. Common areas shall include, but be limited to, all parking areas, access roads, and facilities in or at the Building including driveways, loading docks, and areas, sidewalks, ramps, landscaped and planting areas, lighting facilities, signs, vestibules, hallways, elevators, and all other areas and improvements for the general use in common, of .the tenants of the Building and their agents, employees, and invitees. [Emphasis supplied.]
|3The trial court also relied on an affidavit of Tim Haley, DIS’s business manager at the Prytania location, wherein he attested that DIS did not own or maintain the sidewalk or curb at issue and had not made any repairs or improvements to any portion of the sidewalk or curb. The Haley affidavit was uncontroverted by Ms. Brown.
Ms. Brown filed the instant appeal, arguing that the trial court erred by relying solely on the lease as it does not relieve DIS from its “joint duty” (with Touro) of exercising reasonable care to protect the invitee from injury while on the defendant’s premises by virtue of their business/invitee relationship.
A trial court’s disposition of a motion for summary judgment is reviewed using the de novo standard of review “under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.” D’Angelo v. Guarino, 10-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686, writ denied, 12-0746 (La.5/18/12), 89 So.3d 1196 (citing Wilson v. Calamia Constr. Co., 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200). In determining whether summary judgment is appropriate, a court must resolve the following two issues: (i) whether there is any genuine issue of material fact; and (ii) whether the moyer i^ entitled to judgment as a matter of law. Warren v. Kenny, 10-1580, pp. 5-6 (La.App. 4 Cir. 4/27/11), 64 So.3d 841, 845-846 (citing Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066, p. 5 (La.7/6/04), 880 So.2d 1, 5).
DIS contends that, in addition to the lease, the trial court also relied on Mr. Haley’s affidavit. Further, DIS contends that nowhere does the lease create a joint responsibility between DIS and Touro to maintain the sidewalk.
DIS concedes that it has a duty to exercise reasonable care to protect the invitee from injury while oii the defendant’s premises. We agree.
*1170 In Hammond v. Plaquemines Parish, 07-0782, p. 6 (La.App. 4 Cir. 3/19/08), 982 So.2d 204, 208-209, we stated:
In George v. Western Auto Supply Co., Inc., 527 So.2d 428 (La.App. 4 Cir.1988), this court addressed the duty-owed by a business establishment to its invitee who was injured on the adjacent curb/sidewalk. The court held that the adjoining property owner had: 1) no duty to notify the city of defects in the sidewalk; 2) no duty to warn the plaintiff of defects in the sidewalk; and 3) no duty to maintain a safe entrance/exit to its store that extended to the city sidewalk in front of the store. See also, Monteleon v. City of New Orleans, 617 So.2d 49, 50 (La.App. 4 Cir.1993). In George, the Court reiterated its holding in Carpenter v. State Farm Fire and Cas. Co., 411 So.2d 1206, 1211 (La.App. 4 Cir.1982), that the only duty a property owner bears is to refrain from doing anything on or to the sidewalk which would cause or contribute to a vice or defect. [Emphasis supplied.]
In the instant case, Mr. Haley’s affidavit establishes that DIS did not make any repairs to the sidewalk. The lease between. Touro and DIS further establishes that Touro assumed all responsibility for the maintenance of the sidewalk; DIS had no duty whatsoever. Ms. Brown introduced no evidence to refute these facts. The evidence is clear that DIS was not responsible for any part of the sidewalk and, therefore, is not liable to Ms. Brown for the injuries she sustained when she fell.
We affirm the judgment of the trial court.

AFFIRMED.

. One member of the three-judge panel deciding the writ dissented from its denial, noting the Ms. Brown testified in her deposition that she did not fall on the sidewalk but instead when she stepped down off the curb and into the street. It is noted, however, that in other parts of her deposition she was shown pictures of the location in question and unequivocally indicated that she did fall on the sidewalk that was broken at the time.