MADELEINE M. LANDRIEU, Judge.
| aThe plaintiff, Juan Manuel Alvarez, appeals the trial court’s granting of summary judgment dismissing his claims against one defendant, JCT Construction, Inc. (“JCT”). For the reasons that follow, we affirm'.
FACTS AND PROCEEDINGS BELOW
■ On June 30, 2005, Mr. Alvarez filed suit in civil district court against Touro Infirmary (“Touro”), alleging he had been injured a year earlier while riding an elevator up to the second floor of Touro as a visitor to the hospital. Mr. Alvarez initially alleged he was injured when employees of Touro, who were also on the elevator, suddenly dropped a large piece of wood on him, pinning his arm to the floor. On September 9, 2009, the petition was amended to add as a defendant JCT, which allegedly was supervising a construction project at Touro at the time of the [.^accident.[1] In 2013, Mr. Alvarez died; his son and succession representative, Juan U. Alvarez, was substituted as plaintiff.
On November 5, 2014, JCT filed a motion for summary judgment asserting that the plaintiff could not establish any' connection between JOT and the individuals in the elevator whose conduct allegedly had caused Mr. Alvarez’s injury. After hearing the motion on February 26, 2015, the trial court rendered judgment on March 17, 2015, granting summary judgment and dismissing with prejudice the plaintiffs’ claims against JCT.[2]
Thé plaintiff appeals that judgment.
APPLICABLE LAW
A trial court’s disposition of a motion for summary judgment is reviewed using the de novo standard of review “under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.” Citron v. Gentilly Carnival Club, Inc., 2014-1096, p. 12 (La. App. 4 Cir.4/15/15); 165 So.3d 304, 313 (quoting D’Angelo v. Guarino, 2010-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686). The appellate court must resolve two issues: (1) whether there is any genuine issue of material fact; and (2) whether the movant is entitled to judgment as a matter of law; Id.; La. C.C.P. art. 966.[3] “Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, 1 ¿speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” Id., p. 10, 165 So.3d at 311 (citing King v. Parish National Bank, 2004-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545); La. C.C.P. art. 966 A(2).
The movant bears the burden of proof on the motion for summary judgment. La. C.C.P. art. 966 C(2). Where, as in the case before us, the movant will not bear the burden of proof at trial, Article 966 provides that the movant is not required to negate all essential elements of the adverse party’s claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party’s claim. Id., *594 p. 11, 165 So.3d at 312 (quoting Sullivan v. Malta Park, 2014-0823, p. 8 (La.App. 4 Cir. 12/10/14), 156 So.3d 1200, 1205-06; La. C.C.P. art 966 C(2). Thereafter, if the adverse party does not produce factual support sufficient to establish that it will be able to meet its evidentiary burden of proof at trial, “no genuine issue of material 'fact exists, and the movant is entitled to judgment as a matter of law.” Id.
Whether a fact is “material” is determined by the applicable substantive law or theory- of recovery. Id., p. 13,165 So.3d at 313.
DISCUSSION
The plaintiffs theory of recovery against JCT is negligence. As expressed in the First Supplemental and Amending Petition, plaintiff alleges that while Mr. Alvarez was in the elevator, “suddenly and without warning, employees- of JCT ... dropped a large pieces [sic] of plywood onto petitioner.” Plaintiff | ^alternatively alleges, that JCT is responsible under the theory of respondeat superior for the negligent conduct of employees of various subcontractors that were working under the supervision of JCT at the time the accident occurred.
In order to -prove direct negligence or respondeat superior at trial, the plaintiff will have to establish that the. individuals who dropped.the wood on Mr. Alvarez were either employees of JCT or employees of . one of JCT’s subcontractors for whose negligence JCT was legally responsible.[4] In its motion for summary judgment, JCT asserted that the plaintiff lacks sufficient evidence to prove the identity of the individuals in the elevator or to show any connection between them and JCT or a subcontractor of JCT. JCT supported its motion by submitting answers to interrogatories it had propounded to Mr. Alvarez, excerpts from the deposition • of Mr. Alvarez and excerpts from the deposition of John C. Trahan, president of JCT.
In opposition to the motion, the plaintiff submitted the original and two amending petitions; the plaintiff’s answers to inter-rqgatories propounded by JCT; Touro’s answers to interrogatories propounded by the plaintiff; the full- depositions of Mr. Alvarez and his son; the full deposition of Scott Landry, the Director of Facilities at Touro; and excerpts from the depositions of;Mr. Trahan, David Perrier and Harry Smith (both employed by Cabinets by Perrier, an alleged subcontractor of JCT).
|fiIn his deposition, taken in 2006, Mr. Alvarez said' that after visiting a doctor at Touro, he entered the elevator on the first floor intending to go to the second floor cafeteria. “Many people” got on the elevator with Mr. Alvarez, including “two workers” with two boards on a cart. Mr. Alvarez was standing behind the cart. After the elevator doors dosed, the plywood boards moved, and one of the boards came out, hit Mr. Alvarez, pushed him to the wall and caused him to fall. The elevator ascended to the second floor, where the two workers exited with the cart. No one assisted. Mr. Alvarez. . He exited on the second floor and encountered someone he believed to.be a nurse because she was wearing a white uniform. When he showed her his injured shoulder, she advised him to go to the Touro emergency room, but he did not. He proceeded to eat at the cafeteria, then went home. Mr. Alvarez’s son called Touro and reported the accident that day. Mr. Alvarez later went to the emergency room of a hospital near his home and was treated.
*595 JCT relies upon Mr. Alvarez’s testimony that the two workers were wearing white pants and white shirts with no identifying tags. In the deposition excerpt submitted by JCT, Mr. Alvarez describes the cart used by the workers as: “It’s long, and each side, it has something, metal.... And in between those, they will put whatever it is that they need to put....” He gave no other information regarding the workers’ identities.
JCT also supported its motion with portions of Mr. Trahan’s deposition testimony. Mr. Trahan was president of JCT -at the time of the accident. He [ ./testified that at that time, JCT was working for Gambro Dialysis, a tenant of Touro, to renovate Gambro’s space on the fourth floor. Mr. Trahan further testified that the workers employed by JCT wore blue jeans with uniform shirts. The uniform shirts were T-shirt style, either light brown or dark blue, and bore the JCT insignia. Mr. Tra-han identified a picture of the type of cart owned and used by JCT to haul sheet building materials. JCT pointed out that the cart in the photograph does not resemble the cart described by Mr. Alvarez. Mr. Trahan was also shown another photograph of a cart that had metal inserts as described by Mr. Avarez. Mr. Trahan testified that the photograph depicted the type of cart used by “Touro’s painters on-site at Touro Hospital.”
In opposition to the motion for summary judgment by JCT, plaintiff introduced the deposition of Mr. Scott Landry, the Director of Facilities at Touro. Mr. Landry testified similarly to Mr. Trahan: JCT employees wore blue jeans with colored shirts bearing the JCT logo, and the only JCT project at the time was on the fourth floor.
Based upon this evidence, JCT established that the plaintiff lacked factual support to show that the persons in the elevator whose negligence allegedly caused Mr. Alvarez’s injury were employed by JCT or by a subcontractor of JCT for whose actions JCT had responsibility, an essential element of the plaintiffs case against JCT. The burden then shifted to the plaintiff to show that he had sufficient factual support to meet his evidentiary burden at trial as, to this issue. By the time of the hearing, the plaintiff had had ten years to discover evidence relating, to the | ^identity of the workers whose conduct he, alleges injured him. Of the, numerous documents submit-, ted by the plaintiff in opposition to the. motion, none provides evidence that the workers in the elevator were employed by JCT or by any entity, for. whose conduct JCT would be responsible under the theory of respondeat superior. Although the plaintiff points to multiple questions of fact raised by the evidence submitted in opposition to the motion, none of these issues are material in the absence of any evi-’ dence demonstrating such a connection between the two workers in the elevator and JCT.
Accordingly, upon de novo review, we find that the trial court did not err by granting the motion for summary judgment in favor of JCT and dismissing the plaintiffs claims against JCT. CONCLUSION
For the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED
McKAY, C.J., dissents.

. Additional defendants were added by the Second Supplemental and Amending Petition filed September 24, 2013.

. According to the record, Touro remains a defendant in the litigation.

.La. C.C.P. art. 966 has been amended multiple times, most recently in 2015, effective January 1, 2016. For purposes of this opinion, we refer to the statute as amended in 2014, which version was in effect at the time JCT's motion was tried and decided.

. One alleged subcontractor of JCT, Cabinets by Perrier, Inc., was added as direct defendant in the Second Supplemental and Amending Petition.