# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-0241


**JENNIFER WILLIAMS**

**VERSUS**

**LOUIE STREET APARTMENTS, INC.**


**\*\*\*\*\*\*\*\*\*\***

ON WRIT OF CERTIORARI FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU
DOCKET NUMBER 2015-4260-F
HONORABLE SHARON DARVILLE WILSON, JUDGE


**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.



## WRIT GRANTED AND MADE PEREMPTORY.

**Joshua K. Trahan**
**Sarah E. Stevens**
**JUNEAU DAVID, APLC**
**The Harding Center**
**1018 Harding Street**
**Suite 202**
**Lafayette, Louisiana 70503**
**Telephone: (337)269-0052**
**Facsimile:   (337)269-0061**

**COUNSEL FOR DEFENDANT/APPLICANT:**
      **Louie Street Apartments, Inc.**

**Jere Jay Bice**
**Julis Love Taylor**
**Veron, Bice, Palermo & Wilson, L.L.C.**
**721 Kirby Street**
**P.O. Box 2125**
**Lake Charles, Louisiana  70602**
**Telephone: (337) 310-1600**
**Facsimile:   (337) 310-1601**

**COUNSEL FOR PLAINTIFF/RESPONDENT:**
       **Jennifer Williams**

**CONERY, Judge,**

The Defendant-Relator, Louie Street Apartments, Inc. (hereinafter sometimes referred to as the Corporation), seeks supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Sharon Darville Wilson presiding, which denied the Corporation's motion for summary judgment. For the following reasons, the Corporation's writ is granted and made peremptory. All claims made against the Corporation by Plaintiff/Respondent Jennifer Williams are dismissed with prejudice. All costs are assessed to Plaintiff/Respondent Jennifer Williams.

## STATEMENT OF THE CASE

Plaintiff/Respondent, Jennifer Williams, was injured when a picnic table bench seat collapsed, causing her to fall to the ground. The bench was located on the grounds of a housing project called the Louie Street Apartments. The Corporation owns the property on which the bench was located. However, the apartments and grounds are managed and maintained by the Calcasieu Association for Retarded Citizens (CARC), for whom Ms. Williams was working at the time of the accident.

Ms. Williams filed suit against the Corporation based on its ownership of the property on which the bench was located. The Corporation filed the subject motion for summary judgment contending that Ms. Williams could not recover against it. The Corporation claims that, although it owns the property, it did not own the bench. The Corporation notes that CARC manages the property and maintains it. The Corporation also pointed out that CARC purchased the bench

and assembled it. Therefore, the Corporation claimed that it could not be held accountable for Ms. Williams's injuries.

A hearing on the motion for summary judgment was held by the trial court on February 6, 2017. At the conclusion of the hearing, the trial court denied the motion. The court minutes state that the trial court would sign a written judgment upon presentation, although the transcript does not contain this statement. The Corporation filed a Notice of Intention to Apply for Supervisory Writs and Request to Set a Reasonable Return Date on February 15, 2017. Also, on this same date, the Corporation filed a request for written reasons for judgment to be issued

Not having received a signed order setting the return date, among other things, the Corporation filed a motion for an extension of the return date on March 1, 2017.

When neither an order setting the original return date nor an order setting the extension of the return date was received by the Corporation, the Corporation sent to this court its Motion to Extend Return Date to File an Application for Supervisory Writ, docketed by this court as CM 17-240, and its Application for Supervisory Writ, docketed by this court as CW 17-241. Although the date stamp from this court's clerk's office indicates that these items were filed on March 9, 2017, in actuality, the items were received by this court bearing a postmark date of March 8, 2017.[1] A letter from this court's clerk's office notifying the parties and the trial court of the writ application's filing states that the writ "has been received and filed, as of the postmark date of March 8, 2017."

Since these initial filings, several supplemental filings have been made by the Corporation, including the transcript of the February 6, 2017 hearing; the

---

[1] The thirtieth day from the hearing held on February 6, 2017, was March 8, 2017.

2

written reasons signed by the trial court on March 10, 2017, in which the trial court denies the motion for summary judgment; an order signed by the trial court on February 27, 2017, which set the original return date for the filing of the writ application for March 6, 2017; and an order signed by the trial court on March 10, 2017, extending the return date for the filing of the writ application to April 6, 2017.

### CM 17-240 MOTION TO EXTEND RETURN DATE TO FILE AN APPLICATION FOR SUPERVISORY WRIT

This court denies the motion for extension of return date as moot. A review of the pleadings filed by the Corporation in the trial court clearly reflects the Corporation's good faith attempts to obtain the timely setting of a return date for the filing of a writ application. The original request was filed with the trial court within a few days of the hearing held February 6, 2017, and the request for the setting of the return date was filed February 15, 2017. When the Corporation had not received an order setting the return date by the end of February, the Corporation filed a request for an extension of the return date on March 1, 2017, which was also within thirty days of the hearing on the motion for summary judgment and was filed prior to the expiration of the return date initially set by the trial court.

Ultimately, the trial court signed an order setting the initial return date for March 6, 2017. By that time, the Corporation had already filed its motion for an extension of the return date with the trial court. When the extension was signed, the trial court had extended the return date to April 6, 2017. By that date, the Corporation had filed its writ application with this court and filed its motion for an extension of the return date with this court. This court finds that the writ

application was timely filed and denies the motion for extension of the return date as moot.

On May 9, 2017, this court issued an Order in Docket Number 17-0241, stating:

> **<u>WRIT GRANTED</u>**.  Defendant-Realtor, Louie Street Apartments, Inc., is hereby given until May 23, 2017, to file any additional brief, if desired.  Plaintiff-Respondent, Jennifer Williams is hereby given until  May 30, 2017, to file any additional brief, if desired.  If a party desires to have oral argument in this matter, the moving party may file a motion, with the appropriate filing fee, stating the reasons why oral argument is necessary in  this case, by no later than May 23, 2017.

No additional briefs were filed and neither of the parties requested oral argument.  We will, therefore, address the merits of the writ in this opinion.

## SUPERVISORY RELIEF

> A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court.  In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved.  In such instances, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.  *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam).  This supervisory jurisdiction may also be exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the mover.  *See Hoover v. Livingston Bank*, 451 So.2d 3 (La.App. 1st Cir.1984); *Bonfiglio v. Bellsouth Advertising and Pub. Corp.*, 619 So.2d 135 (La.App. 1st Cir.), *writ denied*, 620 So.2d 864 (La.1993).
> *Charlet v. Legislature of State of La.*, 97-0212, pp. 6-7 (La.App. 1 Cir.

6/29/98), 713 So.2d 1199, *writs denied*, 98-2023, 98-2026 (La. 11/13/98), 730 So.2d 934.

In her opposition filed in this court, Ms. Williams contends that this court should decline to exercise its supervisory jurisdiction as there are "no compelling

writ grant considerations." We disagree. This court finds merit to the Corporation's motion for summary judgment. Should Ms. Williams' suit be dismissed, the Corporation will have avoided incurring the expenses of preparing and going through trial. Therefore, there are valid reasons for considering the merits of the Corporation's writ application.

## ON THE MERITS

### *Standard of Review*

> A trial court's disposition of a motion for summary judgment is reviewed using the *de novo* standard of review "under the same criteria governing the trial court's consideration of whether summary judgment is appropriate." *D'Angelo v. Guarino*, 10-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686, *writ denied*, 12-0746 (La. 5/18/12), 89 So.3d 1196 (*citing Wilson v. Calamia Constr. Co.*, 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200). In determining whether summary judgment is appropriate, a court must resolve the following two issues: (i) whether there is any genuine issue of material fact; and (ii) whether the mover is entitled to judgment as a matter of law. *Warren v. Kenny*, 10-1580, pp. 5-6 (La.App. 4 Cir. 4/27/11), 64 So.3d 841, 845-846 (*citing Ocean Energy, Inc. v. Plaquemines Parish Government*, 04-0066, p. 5 (La. 7/6/04), 880 So.2d 1, 5).

*Brown v. Diagnostic Imaging Services, Inc.*, 15-207, p. 3 (La.App. 4 Cir. 8/12/15), 173 So.3d 1168, 1169.

Louisiana Civil Code Articles 2317 and 2317.1 provide the law governing this case. Louisiana Civil Code Article 2317 provides, "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."

Louisiana Civil Code Article 2317.1 also provides in the case of a thing owned by or in the custody of an individual, or in this case a corporation:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the

5

ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquiture in an appropriate case.

Thus, among the elements Ms. Williams must prove in order to recover from the Corporation is that the Corporation had custody or garde of the bench at issue in this matter. The Corporation argues that it has produced evidence to show that it did not have custody or garde of the subject bench, thereby shifting the burden to Ms. Williams to show that the Corporation did have custody or garde. The record reflects that Ms. Williams failed to introduce any evidence contrary to that submitted by the Corporation. Therefore, the Corporation contends that the trial court erred in failing to grant its motion for summary judgment.

Among the items submitted by the Corporation in support of its motion for summary judgment were portions of the deposition testimony of Bennett McNeal, the assistant executive director of CARC, whose duties include "overseeing the community homes, CARC's community services department, CARC's vocational department, anything that provides services directly to CARC's recipients that is not administration." He explained the creation of the Corporation as follows:

> CARC had to buy the property or have the property in hand in order to apply for the grant from HUD to build the apartments. Once the apartments were built, the property, the ground, was sold to Louie Street Apartments. So there had to be a separate 501 (C) (3) organization, Louie Street Apartments, Inc., separate from CARC to actually own the complex. That is a HUD regulation, so that's why CARC does not directly own anything -- any of the real property.

Mr. McNeal also explained that Louie Street Apartments, Inc. is a completely separate corporation from CARC, with its own board of directors. Additionally, he explained that the Corporation has no employees, with CARC serving as the managing agent of the apartments.

Mr. McNeal attested that CARC purchased the bench that caused Ms. Williams' injuries. When asked "who was solely responsible for the maintenance and upkeep of the property at Louie Street," he responded, "CARC." He added that the particular bench at issue would have been assembled by CARC's maintenance people.

Thus, as noted by the Corporation, CARC owned and assembled the bench and was solely responsible for maintaining the property and the bench. Furthermore, as noted by the Corporation, Ms. Williams failed to introduce any countervailing evidence. Instead, Ms. Williams argued that as a matter of law, since the Corporation owns the property, it must be found to be responsible for this bench. We disagree.

Ms. Williams relies heavily on *Leblanc v. Trappey*, 02-1103 (La.App. 3 Cir. 2/5/03), 838 So.2d 860, *writs denied*, 03-651, 03-684 (La. 5/2/03), 842 So.2d 1107, 842 So.2d 1109, which notes that the owner of the property is presumed to be in the custody of and to have garde over all things on the property. We find that her argument is not persuasive in this instance because the Corporation introduced evidence supporting its claim of lack of ownership of the bench and lack of garde. CARC was the owner and maintained the bench and the property. As pointed out by the Corporation, Ms. Williams adduced no proof that contradicts the evidence submitted by the Corporation. Since there are no material facts in dispute, we grant the motion for summary judgment and dismiss Ms. Williams' suit with prejudice.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of the motion for summary judgment and enter summary judgment in favor of the Louie Street

7

Apartments, Inc.  The plaintiff Jennifer Williams' claims against Louie Street Apartments, Inc. are dismissed with prejudice.  All costs of this proceeding are assigned to the plaintiff, Jennifer Williams.

**WRIT GRANTED AND MADE PEREMPTORY.**