ON THE MERITS Standard of Review A trial court’s disposition of a motion for summary judgment is reviewed using the de novo standard of review “under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.” D’Angelo v. Guarino, 10-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686, writ denied, 12-0746 (La. 5/18/12), 89 So.3d 1196 (citing Wilson v. Calamia Constr. Co., 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200). In determining whether summary judgment is appropriate, a court must resolve the following two issues: (i) whether there is any genuine issue of, material fact; and (ii) whether the mover is entitled to judgment as a matter of law. Warren v. Kenny, 10-1580, pp. 5-6 (La.App. 4 Cir. 4/27/11), 64 So.3d 841, 845-846 (citing Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066, p. 5 (La. 7/6/04), 880 So.2d 1, 5). Brown v. Diagnostic Imaging Services, Inc., 15-207, p. 3 (La.App. 4 Cir. 8/12/15), 173 So.3d 1168, 1169. Louisiana Civil, Code Articles 2317 and 2317.1 provide the law governing this case. Louisiana Civil Code Article 2317 provides, “[w]e are responsible, not only for the damage, occasioned by-our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.” Louisiana Civil Code Article 23Í7.1 also provides in the case of a thing owned by or in the custody of an individual, or in this case a corporation: The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the [(¡ruin, vice, or defect which caused the damage, .that .the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquiture in an appropriate case. Thus, among ‘the- elements Ms. Williams must prove in order to recover from the Corporation is that the Corporation had custody or garde of the bench at issue in this matter. The Corporation argues that it has produced evidence to show that it did not have custody or garde of the subject bench, thereby shifting the burden to Ms. Williams to show that the Corporation did have custody or garde. The record reflects that Ms. Williams failed to introduce any evidence contrary to that submitted by the Corporation. Therefore, the Corporation contends that the trial court erred,in failing, to grant, its motion for summary judgment. Among the items submitted by the Corporation in support of its motion for summary judgment were portions of the deposition testimony of Bennett McNeal; the assistant executive director of CARC, whose duties include “overseeing the community homes, CARC’s community services department, CARC’s vocational department, anything that provides services directly to CARC’s recipients that is not administration,” He explained the creation of the Corporation as follows: CARC had to buy the property or have the property in hand in order to apply for the grant from HUD to build the apartments. Once th,e apartments were built, the property, the ground, was sold to Louie Street Apartments., So there had to be a separate 501 (C) (3) organization, Louie Street Apartments, Inc., separate from CARC to actually, own the complex. That is a HUD regulation, so that’s why CARC does not directly own anything—any of the real property. Mr. MeNeal also explained that Louie Street Apartments,' Inc. is a completely separate corporation from CARC, with its own board of directors. Additionally, he explained that the Corporation has’ no employees, with CARC serving as the managing agent of the apartments. ■ 17Mr. MeNeal attested that CARC purchased the bench that caused Ms. Williams’ injuries. When asked “who was solely responsible for the" maintenance and upkeep of the property at Louie Street,” he responded, “CARC.” He added that the particular bench at issue would have been assembled by CARC’s maintenance people. Thus, as noted by the Corporation, CARC owned and assembled the bench and was solely responsible for maintaining the property and the bench. Furthermore, as noted by the Corporation, Ms. Williams failed to introduce any countervailing evidence. Instead, Ms. Williams argued that as a matter of law, since the Corporation owns the property, it must be found to be responsible for this bench. We disagree. Ms. Williams relies heavily on Leblanc v. Trappey, 02-1103 (La.App. 3 Cir. 2/5/03), 838 So.2d 860, writs denied, 03-651, 03-684 (La. 5/2/03), 842 So,2d 1107, which notes that the owner of the property is presumed to be in the custody of and to have garde over all things on the property. We find that her argument is not persuasive in this instance because the Corporation introduced evidence supporting its claim of lack of. ownership of the bench and lack of garde. CARC was the owner and maintained the bench and the property. As pointed out by the Corporation, Ms. Williams adduced no proof that contradicts the evidence submitted by the Corporation. Since there are no material facts in dispute, we grant the motion for summary judgment.and dismiss Ms. Williams’ suit with prejudice. CONCLUSION . For the foregoing reasons, we reverse •the. .trial court’s denial of the motion for summary judgment and enter summary judgment in favor of the Louie Street | ¡Apartments, Inc. The plaintiff Jennifer Williams’ claims against Louie Street Apartments, Inc. are dismissed with- prejudice. All costs of this proceeding are assigned to the plaintiff, Jennifer Williams. WRIT GRANTED AND MADE PEREMPTORY.