NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-681

SHANE PIERCE AND KIMBERLY D. PIERCE

VERSUS

IRMA M. RODRIGUEZ; ALLSTATE INSURANCE
COMPANY; BALLARD, CLC, INC; JAMES BRYAN
BUTLER; PUBLIC SERVICE MORTGAGE; AND
STATE FARM FIRE AND CASUALTY COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR WRIT OF REVIEW FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,406
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
SYLVIA R. COOKS
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**REVERSED AND RENDERED.**

Zelda W. Tucker
Law Office of Zelda Tucker
P.O. Box 4845
Shreveport, LA 71134-4845
(318) 861-0884
Attorney for Defendant/Applicant:
 Allstate Property and Casualty Ins. Co.

Fred A. Pharis
Pharis Law Offices
831 DeSoto Street
Alexandria, LA 71301

**(318) 445-8266**
**Attorney for Plaintiffs/Respondents:**
  **Shane Pierce and Kimberly Pierce**

**Matthew L. Nowlin**
**Barbara Bell Melton**
**Faircloth, Melton & Sobel, LLC**
**105 Yorktown Drive**
**Alexandria, LA  71303**
**(318) 619-7755**
**Attorneys for Defendant/Respondent:**
  **Irma M. Rodriguez**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Irma M. Rodriguez (Rodriguez) and Shane and Kimberly Pierce (the Pierces) entered into a buy-sell agreement for the purchase and sale of Rodriguez's home. The Pierces chose not to have a home inspection and agreed to purchase the home "as is" with no warranties. The sale closed on October 29, 2013.

The Pierces filed suit against Rodriguez, Ballard CLC (Ballard), James Bryan Butler (Butler), and Public Service Mortgage (PSM) asserting there were latent defects in the foundation and the sewer that existed at the time of the sale. They allege Rodriguez knew about the defects and intentionally chose not to disclose that information to them or alternatively, Rodriguez negligently mispresented the condition of the property. The Pierces also allege they had to move out of the house in January of 2014 and could not pay the mortgage because they had to pay rent on another place to live. The loan was placed in default and the home was eventually seized and sold. The Pierces also seek damages for mental anguish, humiliation, and inconvenience.

In their first supplemental and amending petition the Pierces added RLI Insurance Company (the insurer of Ballard CLC and Butler) as a defendant. In their second supplemental and amending petition the Pierces added State Farm Fire and Casualty Company (as insurer of PSM)[1] and Allstate (as insurer of Rodriguez) as defendants.

Rodriguez filed a third-party demand against Allstate, her homeowner's insurer for this property, after Allstate refused to provide coverage for the Pierces' claims. Allstate filed answers to the Pierces' petition and to Rodriguez's third-party demand, asserting the policy issued to Rodriguez did not provide coverage for the claims asserted. Allstate filed a motion for summary judgment alleging the policy provided to Rodriguez did not provide coverage because the Pierces' claims

---

[1] State Farm and PSM settled with the Pierces and are no longer involved in this litigation.

arise out of "a real estate sale and are based in redhibition, breach of contract[,] and possibly an intentional and deliberate act." Allstate's motion was opposed by the Pierces who maintain there is a genuine issue of material fact as to whether Rodriguez's acts in failing to properly represent the condition of the property was an "occurrence" within the meaning of the policy. Rodriguez also opposed the motion alleging, among other things, that whether she acted intentionally "must be determined by the trier of fact at trial" and "cannot be determined by summary judgment." The trial court denied Allstate's motion for summary judgment. Allstate timely filed an application for writ of review. Rodriguez and the Pierces filed oppositions. The Pierces adopt the arguments set forth by Rodriguez.

## ANALYSIS

> A trial court's disposition of a motion for summary judgment is reviewed using the de novo standard of review "under the same criteria governing the trial court's consideration of whether summary judgment is appropriate." *D'Angelo v. Guarino*, 10-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686, *writ denied*, 12-0746 (La. 5/18/12), 89 So.3d 1196 (*citing Wilson v. Calamia Constr. Co.*, 11-0639, p. 3 (La.App. 4 Cir. 9/28/11), 74 So.3d 1198, 1200).

*Brown v. Diagnostic Imaging Services, Inc.*, 15-207, p. 3 (La.App. 4 Cir. 8/12/15), 173 So.3d 1168, 1169. "The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains." *Murphy's Lease & Welding Service, Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, p. 4 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195. "Facts are material if they determine the outcome of the legal dispute[,]" and "[t]he determination of the materiality of a particular fact must be made in light of the relevant substantive law." *Id*.

In *Jones v. Estate of Santiago*, 03-1424, pp. 12-13 (La. 4/14/04), 870 So.2d 1002, 1010 (citations omitted), the Louisiana Supreme Court stated:

> Although the insured bears the burden of proving a policy of insurance affords coverage for an incident, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material

facts shown by the evidence supporting the motion, under which coverage could be afforded.

The Allstate policy issued to Rodriguez defined "bodily injury" as "physical harm to the body, including sickness or disease, and resulting in death." An "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**." "Property Damage" is defined as "physical injury to or destruction of tangible property[,] [i]ncluding loss of its use resulting from such physical injury or destruction." According to the policy, "**Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an occurrence to which this policy applies[,] and is covered by this part of the policy." (Emphasis in original.) The policy does not provide a definition for accident. The policy specifically excludes coverage for intentional acts of the insured.

With respect to their claims against Rodriguez, the Pierces alleged the following damages: "reduction in the purchase price of the home, considering the defects in the home, the cost to the petitioners of the homes [sic] closing, expenses occasioned by the sale, expenses incurred for past repair expenses, expenses incurred for the preservation of the property, penalties charged by the mortgage of the petitioners for early termination of the loan, reimbursement of any expenses incurred for preservation of the property before and after the filing of this lawsuit, and for attorney's fees and for damages for mental anguish, humiliation and inconvenience[.]"

Allstate alleges for coverage to be triggered under its policy:

> . . . the claim filed by the plaintiff must be for "damages" caused by an "occurrence." . . . In this case the claims of Mr. and Mrs. Pierce against Rodriguez are claims entirely grounded in redhibition which is a remedy based on breach of the contract of the sale of the home. As a matter of law, a redhibition claim arises out of contract, not tort, and is not an occurrence under the policy. Louisiana jurisprudence consistently and without waiver holds that a homeowner's insurance policy provides no coverage for an insured's/seller's alleged liability

3

to a purchaser for breach of contract, misrepresentations and damages arising out of redhibitory defects.

Allstate further asserts the policy does not provide coverage for any intentional acts by Rodriguez. Rodriguez, on the other hand, asserts Allstate is not entitled to dismissal on summary judgment because the Pierces are alleging damages outside the scope of any redhibition claim and that the redhibition claim is not the only claim they are asserting. The Pierces allege genuine issues of material fact exist regarding whether Rodriguez's actions in failing to properly represent the condition of the home and signing the disclosure inaccurately is an "occurrence" within the meaning of Allstate's policy and regarding the amount of damages.

"Louisiana courts have found that a purchaser's claims for damages caused by a homeowners' failure to disclose redhibitory defects are not covered by homeowners' insurance policies." *Brewster v. Hunter*, 09-932, p. 5 (La.App. 5 Cir. 3/9/10), 38 So.3d 912, 915-916, *writ denied*, 10-773 (La. 6/4/10), 38 So.3d 305. In support of its position, Allstate cites *Lawyer v. Succession of Kountz*, 97-2701, 97-2918 (La.App. 4 Cir. 1998), 716 So.2d 493, *writ denied*, 98-2290 (La. 11/13/98), 731 So.2d 264 (cited by *Brewster*[2]), and *Harding v. Wang*, 98-1865 (La.App. 4 Cir. 1999), 729 So.2d 9. *Lawyer* includes alleged damage to sewer drain lines, as is alleged in this case, and both it and *Harding* include alleged termite damage. Furthermore, the plaintiffs in both *Lawyer* and *Harding*, like the Pierces herein, also alleged damages for emotional distress.

The policy at issue in *Lawyer*, 716 So.2d 493, defined "occurrence" and "property damage" in the same manner as the Allstate policy in this case. Because

_____

[2] *Brewster*, 38 So.3d at 916, refers to *Lawyer*, 716 So.2d 493, as "a case of first impression" regarding the issue.

4

"occurrence" was defined as an "accident," the court in *Lawyer*, 716 So.2d at 497, refused to "consider the sale of residential property to be an 'accident' and found that "[t]he defects in the property which allegedly existed prior to the basis of plaintiff's suit (the sale) cannot be considered an 'occurrence' sufficient to trigger coverage for plaintiff's demands under the express terms of the homeowner's policies." The trial court's denial of summary judgment was reversed based on the reasoning that any "misrepresentation alleged in plaintiff's suit did not cause the [] (property) damages[]" and that any "damages suffered [] as a result of her purchase of the property and defendants' alleged actions in concealing defects in the property therefore do not constitute 'property damage'" but were "of a pecuniary nature" which "sound in negligent and intentional misrepresentation, which claims by their very nature are not for 'property damage' and therefore do not fall within the scope of coverage afforded by the" policies at issue. *Id*. at 498. The court in *Brewster*, 38 So.3d at 912, took particular care to point out that the plaintiff did allege the defendant "caused the physical damage to the house" and that "[t]he allegations in the petition clearly seek damages for [defendant's] alleged failure to disclose the defects in the house prior to and at the time of the act of sale, and such factual allegations do not constitute an 'occurrence' under the subject policy." Moreover, in *Brewster*, 38 So.3d at 919, the court found because there was no "occurrence" under the terms of the policy, "it [was] of no moment whether [defendant's] failure to disclose the redhibitory defects in the house was negligent or intentional, as neither scenario constitutes an 'occurrence' under the policy and hence there is no coverage."

> In denying Allstate's motion for summary judgment, the trial court stated:

> I do not have knowledge enough at this point to know were they intentional acts, were they simply oversights. . . . I think we need to have a finding here to know if the foundational damage is one that would be considered an occurrence. I'm uncertain of that. I'm just saying here's some things that I think that need more information about [,] and so I'm denying your motion for summary judgment. That, yes, it's a contract of sale, yet there is some other pieces to it in which – is the personal injury damages that are alleged[,] and I see there could be some similarities to the termite damage. I'm not saying that there is[,] but I think there is enough that there would be a reason

to deny the summary judgment and that we're going to go beyond a little bit further than that today.

Rodriguez maintains the policy is ambiguous because it provides no definition for "accident."  She notes the definition of "accident" given in the Miriam-Webster Dictionary:

1. a: an unforeseen and unplanned event or circumstance;
   b: lack of intention or necessity;

2. a: an unfortunate event resulting especially from carelessness or ignorance;

. . .

c law: an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought.

Rodriguez argues the terms "occurrence" and "accident" cannot be used interchangeably.  We find this argument is without merit because the policy defines an "occurrence" as an "accident."  Rodriguez maintains because the Pierces are asserting claims for general damages, mental anguish, humiliation, and inconvenience and for an ER visit caused by "stroke level and anxiety[,]" there is a genuine issue of material fact as to whether Rodriguez knew about the alleged defects or whether the alleged omissions were negligent and  unintentional. According to Rodriguez, the Pierces do not allege she acted intentionally. Rodriguez alleges *Lawyer* and *Brewster* are distinguishable because the policies in those cases contained exclusions for emotional distress and because the plaintiffs in *Lawyer* limited their claims to intentional failure to disclose.

We find *Lawyer* and *Brewster* are indistinguishable and we find there is no ground for finding Rodriguez's actions constitute an "occurrence" under the terms of the policy of homeowner's insurance issued to her by Allstate.  There is no basis for the Pierces' claims against Rodriguez other than the real estate sale.  In

*Brewster*, 38 So.3d at 914, the plaintiffs alleged defendants "intentionally and/or negligently failed to disclose redhibitory defects in the house." Rodriguez does not mention *Brewster* in her opposition. While Rodriguez cites *Holcomb v. Kincaid*, 406 So.2d 646 (La.App. 2 Cir. 1981), for the proposition that Louisiana Courts have held that the term "occurrence" is broader than the term "accident," no cases cited by Rodriguez find fault with the definition of "occurrence" used in *Lawyer* and *Brewster*.

## DECREE

For the reasons stated we hereby render judgment granting the motion for summary judgment filed by Allstate Property and Casualty Insurance Company dismissing Rodriguez's third-party demand and the Pierces' claims against Allstate with prejudice. All costs of this appeal are assessed equally against Respondents Irma M. Rodriguez and Shane and Kimberly Pierce.

**REVERSED AND RENDERED.**